THE STATE *ex rel.* THE TOWNSHIP v. POWELL, *et al., Plaintiffs in Error.*

**Liability of School Treasurer for funds lost through failure of a Bank.** A treasurer of a school township is liable on his official bond for school funds deposited in bank, and lost through the failure and insolvency of the bank, although he was not guilty of any want of care or prudence in failing to ascertain its financial condition.

*Error to Macon Circuit Court.*

. *B. R. Dysart* and *James L. Barry* for plaintiffs in error cited High on Receivers, pp. 176, 177, §§ 274, 275 ; 2 Story Eq. Jur. §§ 1269, 1270 ; *United States v. Thomas*, 15 Wall. 337 ; Story on Bailments, § 620 ; *Fudge v. Durn*, 51 Mo. 264; *State ex rel. v. Meagher*, 44 Mo. 356; *Foster v. Davis*, 46 Mo. 268.

*William H. Sears*, for defendant in error, cited *United States v. Prescott*, 3 How. 578 ; *United States v. Dashiel*, 4 Wall. 185 ; *United States v. Keehler*, 9 *Id.* 83 ; *Boyden v. United States*, 13 Wall. 17; *Bevans v. United States*, *Id.* 56; *Muzzy v. Shattuck*, 1 Denio 233 ; *Commonwealth v. Conley*, 3 Penn. St. 372 ; *State v. Harper*, 6 Ohio 607 ; 30 Ill. 99 ; 3 Penn. St. 372 ; 22 Ind. 125 ; 51 Mo. 264; 2 Story's Eq. Jur. Secs. 1268, 1269 and 1270 ; *Wren v. Kirton*, 11 Vesey 381 ; *Utica Ins. Co. v. Lynch*, 11 Paige 520.)

HOUGH, J.—The defendant, Solomon C. Powell, being school trustee of a certain township in Macon county, and, as such, treasurer of the school funds of said township, prior to the 5th day of September, 1876, deposited such school funds in the banking house of B. N. Tracy & Son, at Macon, in said county, to his credit as such trustee and treasurer. On said 5th day of September, said bank suspended business, and by reason of its failure and insolvency, said funds were lost. At the time said deposits were made, and up to the time of its suspension, said bank was reputed and believed by the business men in said county and elsewhere, to be safe and solvent, and a secure place of deposit, and the defendant was guilty of no want of care or prudence in failing to ascertain the true condition of said bank. The question for determination is, whether, on the facts stated, the defendant, Powell, and the sureties on his bond, are liable for the sum so lost

It has been held in this State that an administrator will not be held liable for funds of the estate in his charge, when the same have been stolen from him without any fault or negligence on his part. *Fudge v. Durn, et al.*, 51 Mo. 264; *Foster v. Davis*, 46 Mo. 268; *State ex rel. Townshend, Admr. v. Meagher, et al.*, 44 Mo. 356. The ground upon which these decisions rest, is, that the administrator is the representative of the deceased, and is to be regarded as a trustee, engaged in administering a private trust, and not as a public officer. In such cases the general current of authority is to the effect that the measure of responsibility is that only which attaches to ordinary bailees for hire, though in the case of *Darke v. Martyn*, 1 Beavan, 525, where executors and trustees deposited assets with bankers who failed, they were held liable for the loss, no necessity being shown for such deposit. Public officers, however, are universally held to a more rigorous accountability than simple trustees for the public funds committed to their keeping; and though, in a general sense, they may be said to be bailees, still they are bailees who are subject to special obligations for the benefit of the public, and the degree of their responsibility is not to be determined by the ordinary law of bailment. In the *United States v. Prescott*, 3 How. 578, a leading case on this subject, it was pleaded to a suit on an official bond that the funds had been feloniously stolen, taken and carried away without any fault or negligence on the part of the officer, and the court, holding the plea insufficient, said: "Public policy requires that every depositary of the public money should be held to a strict accountability; not only that he should exercise the highest degree of vigilance, but that "he should keep safely" the moneys which come to his hands. Any relaxation of this condition would open a door to frauds, which might be practiced with impunity. Thi case was followed in *United States v. Morgan*, 11 How 154; *United States v. Dashiel*, 4 Wall. 185; *United States v Keehler*, 9 Wall. 83; *Boyder et al., v. United States*, 1.

Wall. 17; *Bevans v. United States*, 13 Wall. 561. In *United States v. Thomas*, 15 Wall. 337, the rule announced in the foregoing cases was so far relaxed as to excuse the officer, when the loss occurred from overruling necessity or the act of the public enemy. Similar rulings have been made in the State courts. In *Halbert et al., v. Commissioners of Martin County*, 22 Ind. 125, it was said that a public officer who is required to give bond for the proper payment of moneys that may come into his hands, as such officer, is not a mere bailee of the money, exonerated by the exercise of ordinary care and diligence, and that the fact that the money was stolen from him, without his fault, does not release him from his obligation to make such payment. To the same effect are *Muzzy v. Shattuck*, 1 Denio 233; *Inhabitants of Hancock v. Hazzard*, 12 Cush. 112; *Commonwealth v. Conly*, 3 Penn. St. 372; *State v. Harper*, 6 Ohio St. 607; and *Thompson v. Township Trustees*, 30 Ill. 99. In the face of these authorities, it would be going far, indeed, to absolve the defendant and his sureties from liability, by reason of the insolvency of the depository voluntarily selected by him. When he deposited the school money in his hands to his credit as trustee and treasurer, the bank simply became indebted to him in his official capacity, and he took the risk of being able to collect the money when he should require it. A special deposit would have rendered the funds secure against the insolvency of the bank, and the inconvenience in disbursing the funds, which would necessarily attend such a deposit, furnishes no argument against the liability of the defendant, on the facts stated. The judgment of the circuit court, which was for the plaintiff, will be affirmed. The other judges concur.

AFFIRMED.