COATES, *Assignee,* v. DORAN *et al.*

**Bank Checks.** A bank check drawn only for a part of the drawer's fund does not operate either at law or in equity as an assignment of the deposit *pro tanto,* or confer any lien upon it. Affirming *Dickinson v. Coates,* 79 Mo. 250.

*Appeal from Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

REVERSED.

*Karnes & Ess* and *Fox & Jones,* for appellant, Coates.

*Scott & Taylor* for appellant, Rosenthal.

NORTON, J.—The Mastin Bank, doing business in Kansas City, Mo., kept an account with the Metropolitan National Bank in New York. The Mastin Bank failed and made an assignment to the plaintiff on August 3, 1878, and at the time of the assignment there was in the Metropolitan National Bank to the credit of the Mastin Bank $62,386.74. At the same time there were outstanding checks or drafts drawn against this fund

amounting to $81,884.60. The said sum of $62,386.74 was afterwards paid over to the assignee by the said Metropolitan National Bank. The assignee, in due course of administration, proceeded to allow claims as provided by law, and nearly all of said checks or drafts were presented by the holders and allowed, but some were not presented at all, and of course were not allowed. On such as were allowed dividends were paid, the same as to other creditors. Subsequently suits were commenced by certain ones of those draft-holders against the assignee, both in the State and Federal courts, wherein it was held that the parties were entitled to be paid in full out of this money. The several sums thus recovered amounted to $8,656, in favor of the several parties, as set out in the petition. This left in the hands of the assignee $53,730.74, with drafts equally entitled to be paid therefrom still outstanding and amounting to $73,228.60. Under these circumstances the assignee filed this suit, making all of said draft-holders parties defendant. In this suit he asked the court to determine whether the holders of these drafts had any preferred claim on this fund received by him from the Metropolitan National Bank, and if so, that he be instructed as to the order in which they should be paid, whether *pro rata*, in the order of date, the number of drafts, in the order of their presentation for payment, or otherwise, and he further asked that their several rights be determined in this case, and that they be enjoined from further prosecuting any claim to said fund. The several claimants appeared to this action. One or more was rejected, but the court by its decree ordered the money to be distributed *pro rata* among the balance, and from this decree this appeal was taken.

This case is not distinguishable in principle from that of *Dickinson v. Coates*, 79 Mo. 250, in which it was held that a check drawn for a part only of the drawer's deposit, did not operate either at law or in equity as an assignment *pro tanto* of the deposit, or confer any lien

upon it. Following that case the judgment in this must be reversed, which is hereby done and the cause remanded. All concur.