LEWIS C. RICE, Appellant, v. BOYD DUDLEY, Garnishee OF HENRY CARTER; WILLIAM ASHBROOK, Interpleader, Respondent.

Kansas City Court of Appeals, March 4, 1889.

1. **Payment of Note:** WHEN TAKING AN ORDER ON THIRD PERSON AMOUNTS TO. Where the parties do intend at the time that the receipt of an order of a third person should be payment—shall extinguish the debt evidenced by a note, then such receipt is payment, and where an attorney has the whole matter of collecting a note confided to him, and takes such order which was to be in full payment of the note, the debt is discharged.

2.  **Garnishment**: WILL PREVAIL OVER A PRIOR UNACCEPTED ORDER ON
    THE GARNISHEE BY THE DEFENDANT IN FAVOR OF ANOTHER CREDITOR
    FOR A PART OF THE FUND : DEBTOR AND CREDITOR.  R. took out execu-
    tion on his judgment against C. and summoned as garnishee D.,
    who, as agent of a loan company, had received therefrom and held
    money borrowed by C. to pay his debts.  Prior to such summons
    A., one of C.'s creditors, accepted C.'s order on D. for a part of
    said money in payment of C.'s note to A., which on presentation
    D. refused to accept.  On A.'s interplea in the garnishment proceed-
    ing  based on said order, it was error, to refuse instructions (set
    out in the opinion), declaring, in effect, that the relation between
    C. and D. was that of debtor and creditor and that said order,
    being drawn without consent of D., did not operate as a legal or
    equitable assignment to A. of the sum for which it was drawn, nor
    give him a lien thereon so as to defeat the garnishment of said
    fund by plaintiff.

*Appeal from the Daviess Circuit Court.*—HON. C. H. S.
GOODMAN, Judge.

REVERSED AND REMANDED.

*Rush & Alexander* and *Buzard,* for the appellant.

The testimony of claimant Ashbrook shows conclu-
sively that he did not accept the order in payment of the
note.  To have that effect it must be expressly agreed that
it should be taken in satisfaction.  *Appleton v. Kennon,*
19 Mo. 637 ; *Leabo v. Goode,* 67 Mo. 126 ; *Riggs v.
Goodrich,* 73 Mo. 108 ; *Wiles v. Robinson,* 80 Mo. 47 ;
*Bank v. Peterman,* 21 Mo. App. 512.  Plaintiff's second,
third, fourth and fifth instructions correctly declared
the law.  The relation between defendant Carter and
Dudley, garnishee, was that of creditor and debtor, and
the attempted assignment of part of the debt due from
said Dudley to said Carter being without Dudley's con-
sent was void.  *Burnett v. Crandall,* 63 Mo. 410 ;
*Beardslee v. Morgner,* 73 Mo. 22 ; *Loomis v. Robinson,*
76 Mo. 488 ; *Bank v. Noonan,* 88 Mo. 372 ; *Bank v.
Coates,* 79 Mo. 168 ; *Coates v. Doran,* 83 Mo. 337, and
cases cited.  Plaintiff's seventh instruction should have

Rice v. Dudley.

been given. See authorities *supra* and the following: *Bank v. Coates*, 79 Mo. 168; *Dickenson v. Coates*, 79 Mo. 250; *Coates v. Doran*, 83 Mo. 337; *Kimball v. Donald*, 20 Mo. 577; *Bank v. Bogy*, 44 Mo. 13; *Manderville v. Welsh*, 5 Wheaton, 277.

*Hicklin & Yates* and *W. G. Callison*, for the respondent.

(1) Ashbrook's claim filed in this case is a sufficient compliance with the law. ( R. S. 1879, sec. 2541.) (2) Dudley's acceptance of Carter's order was not necessary in order to charge him. A mere legal assignment of money in the hands of a third party is valid, even without notice of the transfer, as against an execution creditor. 2 Wade Attach., sec. 472; *Smith v. Sterritt*, 24 Mo. 269. (3) An order non-negotiable in its character ( such as the one from Carter to Ashbrook ) amounts to an equitable assignment without regard to its acceptance. *Christmas v. Russell*, 14 Wall. 84; *Brill v. Tuttle*, 81 N. Y. 457; *Parker v. Syracuse*, 31 N. Y. 376; *Row v. Dawson*, 1 Vesy, 331; *Yeates v. Groves*, 1 Vesy, Jr. 281; *Brooks v. Hatch*, 6 Ligh. 534; 40 Am. Dec. 241. (4) An order drawn upon a debtor by his creditor against a special fund operates as an equitable assignment whether accepted or not. 2 Story Eq. Jur. ( 7 Ed.) sec. 1044 and authorities there cited. Thompson in his encyclopedia of the law says: "So an order payable out of a particular fund operates as an equitable assignment of the fund, not only as between the drawer and payee but as regards the drawer, though not accepted by him." Am. and Eng. Encyclo. of Law, p. 835-6; also see *Walker v. Mauro*, 18 Mo. 564; *East Lewisburg L. & M. Co. v. Marsh*, 91 Pa. St. 96; 3 Paige Ch. R. ( N. Y.) 373; 26 Maine, 114; 32 Iowa, 517; 51 N. H. 407. (5) Nor does it matter in such a case that the order is for a part only of the fund. Says Mr.

Story, " the same principle would apply to the case of an assignment of a part of such debt." 2 Story Eq. Jur., sec. 1044 and authorities there cited. This doctrine is also held in *Caldwell v. Hartupee,* ·70 Penn. 74 ; *Chase v. Petroleum Bank,* 66 Penn. St. 169 ; *Cutts v. Perkins,* 12 Mass. 206 ; *Burn v. Carvalho,* 4 Myl. & Cr. 690. The order having been given and received in good faith in payment of a valid existing debt long prior to the levy of appellant's execution, the judgment is manifestly for the right party and should not be disturbed. *State to use v. Baraba,* 57 Mo. 562.

SMITH, P. J.—Rice obtained a judgment against Carter in the circuit court of Daviess county on which an execution issued, and Dudley was summoned as a garnishee thereon.

Dudley answered the interrogatories which were propounded to him, stating that he had in his hands belonging to Carter the sum of $860.75 and that Ashbrook and others were claiming the amount as assignees of Carter and that Rice disputed the validity of the assignments.

The circuit court made an order on Ashbrook and the other claimants to appear and sustain their respective claims to the said fund in the hands of Dudley, the garnishee, under the provisions of section 2541, Revised Statutes. Ashbrook subsequently filed his claim pursuant to the requirements of said order wherein he set forth that he claimed $336.25 out of the fund in the custody of the court—the fund having been paid into the court by the garnishee—under a certain written order, directed to Dudley and signed by Carter for that sum, which had been presented to Dudley and refused.

There were no further pleadings filed in the case.

At the trial the said order under which Ashbrook claimed said sum of money was introduced in evidence and was as follows :

" March 25, 1886.

*"To Boyd Dudley :*

" You will please pay to William Ashbrook three hundred and thirty-six and twenty-five one-hundreths dollars out of any money in your hands arising from the loan made through you of the Lombard Investment Company, or from any other source.

"(signed)                          HENRY CARTER."

The testimony showed the three hundred dollar note due by Carter to Ashbrook had been placed in the hands of Callison, an attorney, for collection with authority to take the necessary steps to collect the same. The whole matter was confided to him. While he had this note in his hands for collection he took the order on Dudley, which was to be in full payment of the note, and the order was taken and presented to Dudley before the garnishment.

There was further testimony tending to prove that Carter, through Dudley, procured from the Lombard Investment Company a loan of two thousand dollars on a mortgage on his farm. And that the money was borrowed to pay his debts to various persons ; that he owed Ashbrook a three-hundred dollar note and interest, and that after he learned the money borrowed on the mortgage was in the hands of Dudley, he gave to Callison the order, already hereinbefore set forth, to pay the Ashbrook debt.

This was in substance all the evidence which is material to the consideration of the questions arising in the case.

The claimant Ashbrook asked no instructions.

The plaintiff Rice asked these instructions all of which were refused.

" The court declares the law to be :   1.   That under the pleadings and proof, the finding and judgment must be for plaintiff as against claimant.

"2. That the drawing of the order offered in evidence by Henry Carter in favor of William Ashbrook did not operate as an assignment of the sum for which drawn from said Carter to Ashbrook, or give him any lien upon it.

"3. That the attempted assignment by said Carter of the part of the funds in the hands of garnishee Dudley, to William Ashbrook, was void, as it is shown not to have been with said Dudley's consent.

"4. That the relation between Dudley, garnishee, and Henry Carter, defendant, was that of debtor and creditor, and that the order drawn upon said Dudley by said Carter in favor of Ashbrook for a part of the debt due Carter from said Dudley was void as said order was not accepted by said Dudley, or consented to by him.

"5. The order drawn by Carter upon Dudley, in favor of Ashbrook did not, before acceptance, take effect as a legal or equitable assignment of the funds in the hands of said Dudley for which said order was drawn, so as to defeat the garnishment of said fund by plaintiff, and as it appears from the evidence that said order was not accepted by said Dudley, the finding and judgment must be for plaintiff.

"6. That there was no consideration for the order drawn by Carter in favor of Ashbrook on Dudley.

"7. That it does not appear from the evidence that at the time said order was drawn there were any funds in the hands of Boyd Dudley belonging to Carter, or at that time said Dudley was indebted to said Carter, or that there was any intention then at the time to make a present, irrevocable transfer of any debt or fund in the hands of said Dudley by said Carter to said claimant Ashbrook, or of an assent of said claimant Ashbrook to receive same, or that there was any consideration for such attempted transfer, and the finding must therefore be for plaintiff."

The court found the issues for the claimant Ashbrook.

Judgment was accordingly for him, and, after unsuccessful motions to set aside the finding and in arrest of the judgment, the plaintiff took his appeal to this court.

The case was submitted to the court without the intervention of a jury.

The facts upon which the finding and judgment are based are incontrovertible here. This court has only the power to review the law declared by the trial court. *Hamilton v. Boggess*, 63 Mo. 233.

I. The principal questions in this case involve the propriety of the action of the circuit court in refusing plaintiff's instructions. The deduction of the circuit court from the evidence undoubtedly was that the order of Carter on Dudley in favor of Ashbrook was accepted by him through his attorney Callison as an extinguishment of the note. This assumption of facts by the circuit court it seems to us is justified by the evidence. We infer that the circuit court followed the rule laid down by Judge RYLAND in *Appleton v. Kennon*, 19 Mo. 637, which is that " the parties must intend at the time, that the receipt of the note of such third person shall be payment—shall extinguish the debt, or it will be a conditional payment when the note is paid ; " and which has been approved in the later cases in this state. *Leabo v. Goode*, 67 Mo. 126; *Wills v. Robinson*, 80 Mo. 47 ; *Sturtevant Bank v. Peterson*, 21 Mo. App. 512.

II. It does not clearly appear by the evidence whose agent Dudley was, but we infer that he was that of the investment company.

The fund in his hands had been placed there by his principal for Carter. The order was not accepted by Dudley, and was for only a part of the fund in his hands. The question whether the order, unaccepted by

Dudley for part of the fund in his hands, was valid against the execution creditors has been answered in the negative by the rulings of the supreme court of this state in a long series of adjudicated cases. In *Burnett v. Crandall*, 63 Mo. 410, it was held *inter alia* that the assignment of a part of a judgment without the consent of the judgment debtor was not permissible, and that a compromise by the debtor with the plaintiff of the whole judgment, notwithstanding such assignment, would be valid. In *Beardslee v. Morgner*, 73 Mo. 22, it was there said that it was altogether out of the power of Mary Weiss to assign to her co-plaintifff one-half of the sum due her by the note of the defendant and as much beyond their power to assign to her one half-of the sums specified in the notes payable to them.

In *Loomis v. Robinson*, 76 Mo. 488 it was held that an assignment of part of a judgment made without the consent of the debtor was void in law and equity. In *Dickerson v. Coates*, 79 Mo. 250, it was decided that a check held by the plaintiff being only for a part of the debt due the drawer, and not having been accepted by the drawee, did not transfer to the plaintiff either a legal or equitable right against the drawer to either so much of the fund as the clerk called for, or give him a lien thereon. A like ruling was made in *Coates v. Doran*, 83 Mo. 337.

In *Bank of Commerce v. Bogy*, 44 Mo. 13, it was said " an order for a specific fund usually contains something to indicate the intention to pass or appropriate the whole fund as ' pay to A. B. $— the amount of your collection from C. D.' " or the amount received upon such and such transaction or, it may specify the character of the fund.

But when the money is in the hands of the drawer and the order is given for the exact amount ; and a full consideration has been received for it, especially if advanced at the time with no circumstances indicating

any remaining interest in the drawee, the order should be treated as an equitable assignment. In *Ford v. Anglerodt*, 37 Mo. 50, where the order was for the whole amount in the hands of the drawee, there were other facts which need not be mentioned and it was there declared "that in an agreement, between debtor and creditor that the debt owing should be paid out of a specific fund coming to the debtor, an order, given by the debtor upon the person owing the money or holding the funds belonging to the giver of the order directing such person to pay such funds to the creditor, will create a valid equitable charge upon the funds."

This case is in line with that of *Kimball v. Donald*, 29 Mo. 577, which last named case was based upon the opinion of Chancellor THURO in *Haddock v. Gandell*, 15 Eng. L. & Eq. 30.

It appears from the foregoing cases that, where an order is drawn by the debtor in favor of the creditor on the drawee for the whole of a specific fund, the acceptance of the drawee is not necessary to the validity and lien of the assignment so made. An order calling for a fund in its entirety seems not to be within the operation of the rule which enjoins acceptance by the drawee. But the claimant's order in this case while on a specific fund was for only a part of it, and, besides this, there was no acceptance by Dudley, the drawee.

It is contended by the counsel for the claimant that the order being non-negotiable and for only part of the specific fund in the hands of Dudley, that the same rule applies as if it was for the whole amount, and, in support of their position, 2 Story Eq. Jur., sec. 1044, is cited. Judge SHERWOOD who is an authority we are bound to recognize, in *Burnett v. Crandall, supra*, remarked that "the mischief incident to these partial· assignments, these unauthorized divisions of a single debt into numerous disconnected fractions, would be as great and therefore the prohibitory reason of equal

Rice v. Dudley.

cogency in a court of equity as in a court of law. "This was for the most part the view taken in *Manderville v. Welch*, 5 Wheat. 277.

The learned judge and accomplished author who delivered the opinion "in the case last cited would seem to have expressed a somewhat different view in his admirable work on equity jurisprudence; but it will perhaps be found, on examination of the authorities cited on the margin in support of the text, that they scarce give sanction in all its broadness to the idea that a creditor in ruthless disregard to the wishes or interests of his debtor may divide and assign the debt into numerous portions."

The citation of the counsel for the claimant is not an authority by which we are to be controlled in the face of Judge SHERWOOD's disapproval.

The case of the *Fourth National Bank v. Noonan*, 88 Mo. 372, contains the last expression of the supreme court which we have seen upon this question. It is there said that the cases proceed upon the theory that the debtor does not consent to the division of the debt or to the payment of it in parcels. However the law may be elsewhere, it is well settled in this state that in cases of this kind, where the relation of the debtor and creditor exists, that an assignment of a part of a debt without the assent of the debtor is not permissible at law or in equity. The relation between Dudley and Carter was nothing more than that of an ordinary debtor and creditor. If Dudley had accepted the Ashbrook order, or paid it before the garnishment he would have doubtless been protected; for it was in his power, to waive the right to refuse, or resist, the payment in fractions or parcels. And it may be, that had he even after the garnishment accepted or paid said order, that he would have been protected, on the ground that he would have the right to pay out the money in his hands in fractions if he chose. But however this

may be there was no instruction asked or given by the court below upon any idea of waiver or estoppel so that question does not arise here.

No ground is perceived upon which the judgment of the circuit court court can be sustained. The circuit court should have given instructions numbered 2, 3, 4, and 5, and for its failure to do so the judgment is reversed and the cause remanded. All concur