## J. F. DOWELL, Appellant, v. THE VANDALIA BANKING ASSOCIATION, Respondent.

### St. Louis Court of Appeals, May 14, 1895.

Check: RIGHT OF ACTION BY PAYEE. A check which is not drawn upon a particular fund, nor for the entire sum due from the drawee to the drawer, and which does not contain any words of transfer, does not operate, before acceptance, as an assignment in law or equity of so much of the fund to the credit of the drawer as the check calls for, and, therefore, affords no right of action on the part of the payee against the drawee.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*R. B. Bristow* for appellant.

*George Robertson* for respondent.

BOND, J.—On the twenty-first of January, 1892, J. W. Dowell deposited with the defendant $2,058.95. From this was deducted cash returned to depositor, $1,000; amount of two notes against him, $710; leaving a balance to his credit on said transaction of $348.95. The defendant executed its certificate of deposit showing this transaction and delivered it to the depositor, who turned it over to plaintiff, J. F. Dowell, with a check drawn by said depositor for $348.95, which check was placed by plaintiff in the bank of Hannibal, and by it sent to the Laclede National Bank of St. Louis, and by the latter presented to defendant for payment, by whom payment was refused. At the time of the deposit by J. W. Dowell as aforesaid, there stood to his credit in the defendant banking institution a balance of $14.70

on former dealings. J. W. Dowell testified "that he had not kept a very close account," and did not know how much balance there was in his favor at the defendant bank when the last deposit was made. He thought there was some amount. He afterwards, however, stated that he supposed he was drawing all that he was entitled to receive. Plaintiff sued the defendant for the amount specified in the check and shown in the deposit ticket. Under the constraint of an instruction that he could not recover under the foregoing evidence, plaintiff took a nonsuit with leave, and brings the case for review from the judgment of the trial court refusing to set aside said nonsuit.

The legal principle underlying the ruling of the trial court is, that a check not drawn upon a particular fund, nor for the full sum due the drawer by the drawee, and which does not contain any words of transfer, does not operate, before acceptance, as an assignment in law or equity of so much of the fund to the credit of the drawer as the check calls for. This rule has been adopted in this state after full consideration. *Dickinson v. Coates*, 79 Mo. 250; *Merchants National Bank v. Coates*, 79 Mo. 168; *Coates v. Doran*, 83 Mo. 337; *Bank of Commerce v. Bogy*, 44 Mo. 13.

In the case first cited, where the question is discussed in all its bearings, the court, after a full review of the authorities, concludes as follows: "In the cases of *State ex rel. Mississippi Co. v. Moore*, 74 Mo. 413, and of the *State ex rel. v. Powell*, 67 Mo. 395, it was held that a general deposit created the relation of creditor and debtor; and in the case of *Burnett v. Crandall*, 63 Mo. 410, it was held that a portion of a debt was incapable of assignment, either at law or in equity in the absence of the debtor's consent. So in the case of *Loomis v. Robinson*, 76 Mo. 488, it was held that an assignment of part of a judgment was void, both at law

and in equity.  If, as established by the above cases, the relation between depositor and banker is that of creditor and debtor, and a creditor can not, either at law or in equity, assign a part of the debt due him without the debtor's consent, it must follow logically that the check held by plaintiff, being only for part of the debt due the drawer and not having been accepted by the drawee, did not transfer to plaintiff either a legal or equitable right against the drawee, either to so much of the fund as the check called for or give him any lien thereon.''

There is nothing in the evidence in the case at bar to prevent the application of the foregoing rule.  The fact that the drawer of the check had a larger sum to his credit at the time than called for in the check is conceded.  The entire evidence also shows that the amount for which the check was drawn was not a specific and separate fund, nor does the check itself contain any words of transfer, beyond an order to pay the sum specified therein to the payee.  As there is no claim that it was accepted by the defendant, plaintiff can not, under the authorities cited, bring a suit on said check, and the instruction given by the court that he could not recover under the evidence. was proper, and its judgment refusing to set aside the nonsuit taken because of that direction will be affirmed.  All concur.