HEARSAY evidence.

---

KIDDOO BROTHERS, Appellants, v. AMES & ROBINS, Defendants; O. P. DALTON, Interpleader, Respondent.

St. Louis Court of Appeals, March 1, 1898.

1. Judgment: PORTION OF ASSIGNABLE, WHEN. A portion of a debt, claim or judgment is not assignable either in law or equity, without the debtors consent.

2. Practice: DEMURRER. In view of the utter dearth of any testimony showing any consent on the part of the debtor company to the dealings between the assured and the interpleader in this matter, it is evident that the latter did not give evidence of any facts entitling him to go to the jury, and that the trial court should have given the demurrer to his evidence interposed by the attaching creditors.

*Appeal from the Newton County Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED.

*Lyman W. White* for appellants.

A power of attorney authorizing one to collect money on a fire insurance policy, and with it to pay a certain debt, is not such an assignment of the policy as to prevent the money due thereon and still in the company's hands, from being secured by garnishment sued out by another creditor of the assured. *Greenwood v. Boyd & Baxter Furniture Factory* (13 S. E. Rep. 128), 86 Ga. 582; *Turk v. Cook*, 63 Ga. 681. The alleged assignment was unliquidated—no fixed amount, nor time, nor mode of payment. The alleged assignment in this case is at most for only a part of the claim, and a part can not be assigned without consent of the debtor, and if it amount to an equitable assignment, it is invalid since the claim is an unliquidated one. *Kendall v. U. S.*, 7 Wall. 113; *Madeville v. Welsh*, 3 Wheat. 277; *Burnett v. Crandall*, 63 Mo. 410. The alleged assignment, being for only a part of the claim, and the debtor not consenting thereto, is invalid in law or equity. *Burnett v. Crandall*, 63 Mo. 410; *Beardslee v. Mortgner*, 73 Mo. 22. It has been held that an unaccepted order or check for a part of a fund does not operate as a legal or equitable transfer of so much of the fund as is therein called for, and such order is wholly unavailing against a subsequent garnishment sued by a creditor of the drawer. *R'y v. Wright & Co.*, 38 Mo. App. 141; *Dowell v. Banking Ass'n*, 62 Mo. App. 482.

*Hugh Dabbs* and *Pratt & Phipps* for respondent.

A conflict in the instructions will not necessitate a reversal, if upon the substantial merits of the case, appellant was not prejudiced. *Sawyer v. Drake*, 34 Mo. App. 472. Inconsistency in instructions is not

ground for reversal if it appears the jury could not have been misled thereby. *Kelley v. Clancy*, 16 Mo. App. 549; *Alexander v. R'y*, 19 Mo. App. 312; *Crew v. R'y*, 19 Mo. App. 302. The assumption of a fact not disputed and which must have been found by the jury if submitted to them is harmless error. *Sheehan v. Sims*, 36 Mo. App. 224. Instructions should not assume facts, but if the matters covered by the instructions are conceded facts, such instructions are not prejudicial and do not warrant a reversal. *Hanlon v. O'Keefe*, 38 Mo. App. 273. And an appellant can not complain of an error in instructions given at the instance of the respondent, if those given at his instance contain the same error. *McGonigle v. Daughtery*, 71 Mo. 259; *Holmes v. Braidwood*, 82 Mo. 610; *Thorpe v. R'y*, 89 Mo. 650. Nor can he complain of an instruction given at his own request. *Musser v. Adler*, 86 Mo. 445. The motion for new trial must call the attention of the trial court to the giving and refusing of instructions. No objection was raised in the motion for new trial to the giving of appellants' instructions. *Linneus v. Dusky*, 19 Mo. App. 20; *Schlicker v. Gordon*, 19 Mo. App. 179. Claimant may interplead for part of the money. Shinn on Attachment, sec. 677 and cases cited; *Distilling Co. v. Hubbard*, 53 Mo. App. 23 and 31; *Brewing Ass'n v. Draulinger*, 62 Mo. App. 486; *Williams v. Braden*, 63 Mo. App. 513. The company consented to the assignment of part of the claim and it was therefore valid. *Alexander v. R'y*, 54 Mo. App. 74. Although Withrow & Smith may not have had authority to accept partial assignment, yet company have ratified their action in filing answer as garnishees and have waived all objections as to partial assignment of claim. *White v. Nelson Mfg. Co.*, 53 Mo. App. 337. An appellant is estopped from complaining of errors into which he himself led the trial court. *White v. Nelson Mfg. Co.*, 53

Mo. App. 337.   We submit that the judgment of the trial court should be affirmed.

BOND, J.—Ames & Robins were engaged in the grocery and restaurant business at Neosho, Missouri, carrying a policy of insurance issued by the Aetna Insurance Company, a foreign corporation, on their wares, for $300. While so insured the property was totally destroyed by fire on January 21, 1896. On February 11, 1896, the assured gave a written direction to P. R. Smith, agent of the company to pay O. P. Dalton $200 out of the draft, which the assured expected to receive through him for the amount, upon proof for their loss, on account of the fire, and for that purpose they authorized an agent to sign their name · to said draft, when it should come to his hands, and after making payment therein directed, to pay over the residue to themselves. On the seventeenth of February 1896, plaintiffs sued said Ames & Robins by attachment for a debt of $288.50, and on the twenty-sixth of March thereafter had service of a garnishment in said suit upon the agent authorized to receive service for the company. In its answer to this garnishment the insurance company admitted an indebtedness to Ames & Robins of $213.36, which amount was conceded by the parties to be due upon the policy, after proof of loss and adjustment. Thereupon O. P. Dalton interpleaded in said attachment suit, claiming to be the owner of $200 of the amount coming to the assured under the policy, by virtue of the written order given to him for that sum. There was a trial and judgment for the interpleader, from which the attaching plaintiffs appealed to this court.

The first error assigned is the refusal of the trial court to direct a verdict for the attaching plaintiffs. This position is well taken. A portion of a debt,

claim or judgment is not assignable either **PORTION of a debt not assignable.** in law or equity, without the debtor's consent. *Burnett v. Crandall,* 63 Mo. 410–513; *Beardslee v. Morgner,* 73 Mo. 22; *Dickinson v. Coates,* 79 Mo. 250; *Dowell v. Banking Ass'n,* 62 Mo. App. 482; *R'y v. Wright & Co.,* 38 Mo. App. 141. There is no evidence whatever in the present record that the Aetna Insurance Company, which is a nonresident corporation, was ever notified of the order given to their local agent to pay the interpleader a portion of the draft which the company might send to the drawers, upon proof of their loss, under one of its policies. The agent states that he did not represent the insurance company in any other capacity than that of a solicitor of business. Neither is there a fact of inference in this record tending to show that the company ever invested him with any authority, express or implied, to apportion its indebtedness to one of its policy holders. Nor is there a single circumstance which tends to show that the company was ever made aware of an intention on the part of Ames & Robins to assign any portion of their claim against it, prior to the intervention by the interpleader in the attachment suit, wherein the company was garnished. The fullest extent of the testimony adduced by the interpleader tended to show that he informed one of the local agents of the insurance company that he held an order for a portion of what might be due from the company to Ames & Robins, and that the insurance agent replied to the interpleader that if Ames & Robins would come to him, when a draft had been received by him payable to them and execute a receipt for the amount thereof, that he would then honor their order in favor of the interpleader. This agreement excludes the idea that the insurance company in any manner consented to an assignment of any portion of what it

might be indebted to the assured for the destruction of their property while covered by one of its policies. On the other hand it conclusively shows that the agent of the company would not do anything in the matter until he had received the signatures of the payees in the draft, which the company was expected to send, for the full amount thereof, and that after getting the receipt of the payees for the *full* amount of their claim against the company he would appropriate the proceeds of the draft as they might direct. It is evident that such subsequent action on his part (had it taken place) would have been solely upon the authority of the payees in the draft (the assured) and not upon the authority or consent of the company, whose draft had been receipted in full before any division of its proceeds was made. In view of the utter dearth of testimony showing any consent on the part of the debtor company to the dealings between the assured and the interpleader in this matter, it is evident that the latter did not give evidence of any facts entitling him to go to the jury, and that the trial court should have given the demurrer. to his evidence interposed by the attaching creditors.

<span style="font-variant: small-caps">Demurrer</span> to evidence of interpleader should have been sustained.

For its failure so to do the judgment herein will be reversed. All concur.