## W. E. Swift and M. Van Winkle v. Trustees of Schools, etc.

1. SURETIES—*On Township Treasurer's Bonds—What Will Excuse, etc.*—Nothing but the act of God or the public enemy will excuse the sureties upon a township treasurer's bond from accounting for the moneys of the township coming into the hands or under the control of such treasurer during his term of office.

2. SAME—*What the Sureties Must Do to Relieve Themselves.*—The sureties upon a township treasurer's bond, to relieve themselves from liability, must show that the treasurer paid out the moneys coming into his hands by virtue of his office or disposed of the same according to law.

3. SAME—*Liable as Insurers of the Moneys, etc.*—Under the provisions of our statutes the sureties upon the township treasurer's bond are liable as insurers of the moneys of the township intrusted to their principal while he is acting as such township treasurer.

4. SAME—*Reasonable Care in Depositing Moneys in Banks, etc.*—The fact that a township treasurer used reasonable care in depositing the moneys of the township in a bank which failed without his prior knowledge of its weakness, is not a defense to an action upon his bond.

Debt, on a township treasurer's bond. Appeal from the Circuit Court of Sangamon County; the Hon. OREN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

PATTON, HAMILTON & PATTON, attorneys for appellants.

A public officer is bound to exercise good faith and reasonable skill and diligence in the discharge of his trust, and he is not responsible for any loss occurring without any fault on his part. Cumberland v. Pennell, 69 Me. 357; 31 Am. Rep. 284; York Co. v. Watson, 15 So. Car. 1; 40 Am. Rep. 675; Albany Co. v. Dorr, 25 Wend. (N. Y.) 440; People ex rel. v. Faulkner, 107 N. Y. 477; 14 N. E. Rep. 415; State

v. Houston, 78 Ala. 576; Governor v. M'Ewen, 5 Humph
(Tenn.) 265; Peck v. James, 3 Head (Tenn.) 75; State v.
Copeland, 34 S. W. Rep. (Tenn.) 427; Healdsburg v. Mulli-
gan, 45 Pac. Rep. (Cal.) 337; Livingston v. Woods, 49 Pac.
Rep. (Mont.) 437; Wilson v. People, 34 Pac. Rep. (Colo.)
944; State v. Gramm, 52 Pac. Rep. (Wyo.) 533; U. S. v.
Thomas, 15 Wall. (U. S.) 337; C., B. & Q. Ry. Co. v. Bart-
lett, 120 Ill. 603.

James M. Graham, attorney for appellees; H. S. Miller,
of counsel.

Township treasurers under our statute are insurers of the
safety of the funds coming into their possession and nothing
can relieve them from their obligation to safely keep such
funds but the act of God or the public enemy.   Thompson
et al. v. Board of Trustees, 30 Ill. 99; R. S. Ill., Chap. 122,
Secs. 99, 111, 118, 119, 120; Trustees v. Smith, 88 Ill. 184;
Throop on Public Officers, Sec. 221, 222, 223, 224 and 225;
24 Eng. and Am. Ency. 885; 24 Eng. and Amer. Ency. 887,
and note 2; State v. Nevin, 19 Nev. 162; State v. Moor, 74
Mo. 413; Perley v. County, etc., 32 Mich. 132; Lowry v.
County, etc., 51 Ia. 50; Griffin v. Commissioners, 71 Miss.
767; Rose v. Township, etc., 52 Kan. 451; Wilson v. County,
etc., 67 Tex. 647; McKinney v. Robinson, etc., 84 Tex. 489;
Tillinghast v. Merrill, 77 Hun (N. Y.), 481; Nason v. Di-
rectors, etc., 126 Pa. 445; Omro Supervisors v. Kaime, 39
Wis. 468; Havens v. Lathene, 75 N. C. 505; Inglis v. State,
61 Ind. 212; Cowley v. Fair, 104 Ind. 189; State v. Croft,
24 Ark. 550; Fairchild v. Hedges, 31 L. R. A. (Wash.) 852.

Mr. Justice Burroughs delivered the opinion of the court.

This was an action of debt, brought in the Circuit Court
of Sangamon County by the appellees against the appel-
lants, upon the official bond of W. E. Swift, as township
treasurer of township number thirteen north, range number
seven west of the 3rd P. M. in Sangamon county, Illinois,
F. H. Curtiss and M. Van Winkle being sureties thereon,
and the bond being as follows :

Swift v. Trustees of Schools.

"STATE OF ILLINOIS, } ss.
Sangamon County. }

Know all men by these presents, that we, W. E. Swift, F. H. Curtiss and M. Van Winkle, are held and firmly bound, jointly and severally, unto the board of trustees of schools of township No. 13, range No. 7 in· said county, in the penal sum of $22,000, for the payment of which we bind ourselves, our heirs, executors, and administrators, jointly and severally, firmly by these presents.

In witness whereof, we have hereunto set our hands and seals this 12th day of April, A. D. 1898.

The condition of the above obligation is such, that if the above bounden, W. E. Swift, Township Treasurer of township No. 13, range No. 7, in the county, aforesaid, shall faithfully discharge all the duties of said office according to the laws which now are or may hereafter be in force, and shall deliver to his successor in office, after such successor shall have fully qualified by giving bond, as provided by law, all moneys, books, papers, securities and property which shall come into his hands or control of such township treasurer, from the date of this bond up to the time that his successor shall have duly qualified as township treasurer, by giving such bond as shall be required by law, then this obligation to be void; otherwise to remain in full force and virtue.

W. E. SWIFT.      [SEAL.]
F. H. CURTISS.    [SEAL.]
M. VAN WINKLE.    [SEAL.] "

The declaration was filed July 4, 1899; is in the usual form and charges, among other things, that W. E. Swift, having been duly elected township treasurer of the township named in the above mentioned bond, he as principal, and F. H. Curtis and M. VanWinkle as sureties, gave the bond, and that thereafter, W. E. Swift discharged the duties of that office until April 14, 1899, when E. L. Stockdale was duly elected thereto, as the successor of W. E. Swift. By giving bond as provided by law, he at once qualified as such, and from that time hitherto has, and is now discharging the duties of that office; that during which time, he was authorized to receive all moneys belonging to said township which said Swift had received and had not accounted for. And that while W. E. Swift was such

township treasurer, he had in his hands as such treasurer, belonging to the school districts of said township, the sum of $1,717.42 in cash, and also the sum of $1,717.42 of the distributable fund of said township, likewise belonging to said township, both of which sums of money said Swift has never accounted for, and has failed and refused to pay over to E. L. Stockdale, his successor in office, although the latter demanded the same after he was authorized to receive it as aforesaid, and before this suit was commenced; whereupon an action has accrued to appellees to demand of the appellants, for the use of the township aforesaid, the sum of $3,434.82, which appellants, though requested, have not paid to appellees, but have neglected and refused so to do, to the damage of appellees for the use of said township of $4,000, and therefore, for the use aforesaid, appellees bring this suit.

To the declaration appellants jointly, and W. E. Swift alone, interposed plea of *nil debet;* and all of them filed a special plea, as follows:

" And for a further plea in this behalf the defendants say that the plaintiffs ought not to have their aforesaid action against them, the defendants, because they say that before and at the time for a long period after the time that the defendant, W. E. Swift, was elected township treasurer of township No. 13, range No. 7, in said county of Sangamon, as alleged in the declaration, the Bank of Waverly was a partnership, composed of various individuals of wealth and responsibility, engaged in the business of banking at Waverly, Illinois; that said Bank of Waverly did a large banking business in said Waverly, and amongst the community for many miles around Waverly, at said times, and was considered by the community at large to be and was reputed in said Waverly and vicinity and elsewhere to be a safe, solvent and reliable banking institution, and considered and reputed among such community and elsewhere to be a safe, solvent and reliable depository for money.

And the defendants aver that not only great numbers of private individuals, believing said Bank of Waverly to be a safe, solvent and reliable banking institution, and a safe, solvent and reliable depository for money, deposited large sums of money in said Bank of Waverly, at the times aforesaid, but that many public officials, in the belief aforesaid,

also deposited large sums of public moneys at the time aforesaid in said Bank of Waverly.

And the defendants say that, believing and having reason to believe that the said Bank of Waverly was a safe, solvent and reliable banking institution, and safe, solvent and reliable depository for money, and there then and there being no other more safe or secure method of safely keeping said moneys than depositing said moneys in such an institution as aforesaid, and the defendant, W. E. Swift, being then and there a farmer, and unable therefore to keep said moneys in his own possession in safety, the defendant, W. E. Swift, acting with care and caution in the premises, under such belief, deposited in said Bank of Waverly at divers times after his election as aforesaid, and while the said Bank of Waverly was considered and reputed to be as aforesaid a safe, solvent and reliable banking institution, and a safe, solvent and reliable depository for money as aforesaid, divers sums of money, the property of the township as aforesaid, to the credit of the defendant, W. E. Swift, in his capacity as treasurer as aforesaid, and in his name, as such treasurer.

And the defendants say that up to and including the day and date of the last deposit of money made by the defendant, W. E. Swift, in said Bank of Waverly, as aforesaid, the said Bank of Waverly continued to be and was considered and reputed as aforesaid, to be a safe, solvent and reliable depository for money, and a safe, solvent and reliable banking institution, and so the defendant believed and had reason to believe it to be.

And the defendants say that after said last deposit of money as aforesaid, and while the defendants and others as aforesaid believed and had reason to believe that the said Bank of Waverly was a safe, solvent and reliable banking institution and a safe, solvent and reliable depository for money, the said Bank of Waverly failed, and was thereafter adjudged to be bankrupt by the United States District Court for the Southern District of Illinois, and the defendants say that the assets of said Bank of Waverly are now in the possession of and being administered by said District Court.

And the defendants say that the defendant, W. E. Swift, has turned over and delivered to his successor in office, E. E. Stockdale, all moneys, books, papers, securities and property which came into his hands and control as such treasurer as aforesaid, from the date of said writing obligatory up to

the time that his successor in office as aforesaid qualified as township treasurer as aforesaid by giving bond as required by law, saving and excepting such moneys as were deposited as aforesaid in said Bank of Waverly at the time of the failure of said Bank of Waverly.

And the defendants aver that no dividend has yet been declared from the estate of said Bank of Waverly, nor can it be ascertained at this time what amount or proportion of the liabilities of said Bank of Waverly will be eventually paid from the assets now in the possession of said District Court, as aforesaid.

And these defendants aver that the defendant, W. E. Swift, has tendered to E. L. Stockdale, his successor in office, as aforesaid, a certain power of attorney executed by him, authorizing and empowering the said E. L. Stockdale as such township treasurer to collect and realize from the estate of said Bank of Waverly the amount or proportion of the said deposited moneys deposited as aforesaid, which will or may be eventually paid by the said District Court, but the defendants aver that the said E. L. Stockdale, treasurer as aforesaid, refused and still does refuse to accept said power of attorney, or to proceed to collect such amount or proportion of said deposit as will be eventually paid as aforesaid.

And the defendants now bring into court here, ready to be delivered to the plaintiffs herein or to the said E. L. Stockdale, treasurer as aforesaid, said power of attorney, if they or he will accept the same.

And this the defendants are ready to verify, wherefore they pray judgment if the plaintiffs ought to have their aforesaid action," etc.

To the special plea a general demurrer was interposed and sustained, appellants preserving an exception. The cause was afterward tried by a jury upon such issues as were presented by the declaration and the two pleas of *nil debet*, and resulted in the court peremptorily directing, and the jury returning a verdict in favor of appellees for the penalty of the bond and $1,717.42 damages. Appellants excepted to the court's directing such verdict, and afterward moved, in writing, for a new trial, alleging as reasons therefor, that the court improperly sustained a demurrer to the special plea; admitted improper evidence for appellees; and improperly directed a verdict for them which is con-

trary to the law and the evidence in the case; but the motion was denied. Appellants excepted, and the court gave judgment on the verdict, to reverse which, appellants prosecute this appeal, and have assigned and urge the following alleged errors :

The court erred in sustaining the demurrer to the special plea; in admitting improper evidence for appellees; in improperly directing a verdict for appellees which is contrary to the law and evidence in the case; and in improperly overruling appellants' motion for a new trial and rendering judgment against them.

The first and important question arising on this record which is presented for our determination and decision, is upon the correctness of the action of the court in sustaining a demurrer to the special plea.

Counsel for appellees insist that our statute requires, and the bond sued upon by its terms expressly obligates appellants to deliver to the successor in office of W. E. Swift, all moneys of the township which came into the hands or under the control of W. E. Swift while he was township treasurer of the township mentioned in the bond, from the date of the bond, up to the time that his successor was appointed and qualified as such treasurer by giving bond as the law required; and that nothing can or will excuse them from so doing, but the act of God, or the public enemy. They support this insistence by citing us to a number of adjudicated cases, among which are the following : Thompson et al. v. Board of Trustees, etc., 30 Ill. 99; Trustees of Schools, etc., v. Smith et al., 88 Ill. 181; State v. Nevin, 19 Nev. 162; State v. Moore, 74 Mo. 413; Perley v. County, etc., 32 Mich. 132; Lowry v. County, etc., 51 Ia. 50; Griffin v. Commissioners, 71 Miss. 767; Rose v. Township, etc., 52 Kas. 451; Wilson v. County, etc., 67 Tex. 647; Nason v. Directors, etc., 126 Pa. 445; Supervisors of Omro, 39 Wis. 468; Havens v. Lathene, 75 N. C. 505; and Inglis v. State, 61 Ind. 212. And also sections 99, 117, 118, 119 and 120, Chap. 122, Ill. R. S.

Appellants contend that under an enlightened and mod-

ern construction of the obligations of public officers, no such extraordinary burden as that of insurer of the moneys placed in the custody of W. E. Swift as such treasurer, is, by the bond sued upon, imposed upon appellants, but that their liability thereon is that W. E. Swift, as bailee of such moneys, shall exercise good faith and reasonable skill and diligence in taking care of such moneys, neither he nor they being responsible for any loss thereof occasioned without any fault on his part; and cites us, among others, to the following adjudicated cases in support of their contention: Cumberland v. Pennell, 69 Me. 357; York County v. Watson, 15 South Carolina, 1; Albany County v. Dow (N. Y.), 25 Wend. 440; People ex rel. v. Faulkner, 107 N. Y. 447; State v. Houston, 78 Ala. 576; Governor v. McEwen (Tenn.), 5 Humphreys, 241; Healdsburg v. Mulligan (Cal.), 45 Pac. Rep. 337; Livingston v. Woods (Mont.), 49 Pac. Rep. 437; Wilson v. People, 19 Col. 199; and State v. Gramm (Wyo.), 52 Pac. Rep. 533.

We have carefully read and considered the cases thus cited by counsel on both sides, and find that the claim of each is supported by the cases above, that each have cited; but when we consider that as early as 1863, the Supreme Court of this State, in the case of Thompson v. Board of Trustees, *supra*, decided the very question presented, against the insistence of counsel for appellants, and in accordance with the contention of counsel for appellees, and that in Trustees v. Smith, *supra*, that court, when considering a bond in terms like the one before us, held that the sureties upon a township treasurer's bond in this State, to exonerate themselves upon his bond, and to relieve themselves from liability thereon for moneys which came into the hands of the treasurer by virtue of his office, must show that the treasurer paid out or disposed of such moneys in pursuance of law, and that since those decisions were made, the legislature of this State have in no wise changed the provisions of the statute concerning the duties or liabilities of township treasurers, or the sureties on their bonds, or the terms of the bonds such treasurers are required to give, nor

manifest any intention to lessen or modify in the least, the liability of such treasurers or the sureties on their bonds for the moneys intrusted to their charge as held by the Supreme Court in those cases, we feel constrained to hold that appellants, under the provisions of our statutes and the express terms of the bond sued upon, have obligated themselves and are liable as insurers of the moneys of the township intrusted to W. E. Swift while he was such township treasurer; for we are unable to discover, in the light of the reasons given for a different construction placed by other courts, in other States, upon other bonds couched in different language, and given under statute containing different provisions from those under which this bond was given, a sufficient reason which will justify us in placing a different construction upon the liability of appellants upon the bond in question from that held by the highest court of this State when determining similar liabilities of the principal and sureties upon bonds of similar import; especially when the bond in this case was given under like, or more stringent provisions of the same statute and after those decisions were made.

The special plea, offered to show that W. E. Swift used reasonable care in depositing the moneys of the township in his hands as such treasurer in a bank which failed without his prior knowledge of its weakness, and only professed in that way to account for the moneys of the township in question, which the declaration averred W. E. Swift had received when he was such township treasurer and had not turned over to his successor or otherwise properly accounted for, and not offering to show that he had turned over such moneys to his successor or otherwise accounted for it, in pursuance of law, did not present a good defense to this action and the Circuit Court for that reason properly sustained the demurrer thereto.

The court, over the special objections of counsel for appellants, permitted E. L. Stockdale, when testifying as a witness for appellees, to state (without producing the books themselves) that the books of the township treasurer, which W. E. Swift had turned over to him as his successor in

office, showed that Swift had received, while he was such treasurer, the sum of $1,717.42 more of moneys belonging to the township than he had turned over to his successor in office.

Counsel for appellant insists this was reversible error. We agree with them that it was error, but inasmuch as appellees afterward showed by George W. Conlee, one of the township trustees, that when Swift was present at a meeting of appellees, held for the very purpose of adjusting, if possible, the matters involved in this suit, and while they were talking over these matters Swift admitted that the amount which the witness, Stockdale, testified the books showed he owed the township as such treasurer was so owing by him, and that he then offered to turn over to them the claim for that amount which he, as such treasurer, had upon the Waverly Bank by reason of his having deposited the moneys there, we hold that appellants were not prejudiced by such error for they offered no evidence whatever, and in the absence thereof, the admission of Swift entitled appellees to a verdict for that amount. In this state of the case the court, therefore, properly directed the jury to return a verdict in favor of appellees for the penalty of the bond and $1,717.42 damages. It also properly overruled appellant's motion for a new trial; and gave judgment on the verdict, which judgment we will affirm.