WHITE *against* WARD AND AYLESWORTH.

*A. being arrested at the instance of B. on a charge of having taken B.'s bridle, to avoid further trouble and expense, A., on the demand of B., gave him a promissory note, for 12 dollars; and B. promised that if A. would ever show that he had not had the bridle, or that he was innocent of the charge, or if the bridle should be found, he would give up the note, and pay A. for his trouble. B. sued A. before a justice on the note, and recovered judgment for the amount, which was paid by A. A. afterwards brought an action before another justice against B., to recover back the money, on the ground, that he was innocent of the charge, and that B. had got his bridle again, without the knowledge or assistance of A., and it* was held, that A. having neglected to set up this matter against the former suit on the note, to which it would have been a good defence, the former suit was a sufficient bar under the act.

*Money* collected under a regular judgment, cannot be recovered back, in a new suit, on the ground that evidence has since been discovered of a good defence, which existed before the judgment.

IN ERROR, on *certiorari*, from a justice's court. *Ward* and *Aylesworth* brought an action against *White*, before the justice. The plaintiffs, in their declaration, stated, that on or about the 10th *September*, 1810, *White* alleged he had lost a *bridle*, and accused *Aylesworth* of taking it, and threatened to put him to trouble and costs, unless he would pay him the sum of twelve dollars in cash, or give him a note for the amount, with sufficient surety; upon which *Aylesworth*, (though innocent of taking the bridle,) to save himself from the trouble and expense of a prosecution, executed a note jointly with *Ward*, dated the 20th *September*, 1811, for the sum of 12 dollars, payable in three months, which note they afterwards paid; that *White* had recovered possession of his bridle, without the knowledge or aid of the plaintiffs, and refused to refund the money so paid by the plaintiffs, &c.

The defendant pleaded in bar a prior suit, brought by him against the plaintiffs, in *April*, 1811, before *Sutherland*, another justice, in which the plaintiffs neglected to set off their demand. The record of that suit was produced in evidence, by which it appeared that *White* sued the plaintiffs on the note in question, before the other justice, and recovered the amount of 12 dollars, and the costs. The justice overruled this defence. The plaintiffs then proved, that *Aylesworth* was arrested for taking the bridle, which he denied; and *White* told him, that if he would ever show that he had not had the bridle, or it should ever appear that *A.* was innocent, he would give up the note, or that if he should find the bridle, or if it should be found, and *A.* not appear to be guilty of taking it, *White* would pay him for his trouble; and *Aylesworth* said, rather than to be carried further, he would sign the note, which was accordingly done.

A witness testified that one *Harrington* told him that *White* gave him a dollar to say, and stand to it, that he saw *Aylesworth* with *White's* bridle, and that he did say so, in consequence of which the note was given, but that he would not have said so

under oath. This evidence was objected to, but admitted by the justice.

The jury gave a verdict for the plaintiffs, for twenty dollars, on which the justice gave judgment.

*Per Curiam.* The first question is, whether the recovery by *White* on the note, in the action before the other justice, in which the plaintiffs neglected to set off their demand, was not a bar to this suit. We are of opinion that it was a sufficient bar. The grounds on which the plaintiffs recovered in this suit below, would have been a good defence for them, in the suit before justice *Sutherland;* and if the plaintiffs were not in a situation at that time to make out that defence, by proof, it was their misfortune. The money having been collected under a regular judgment, cannot be recovered back in a new suit, upon the allegation that evidence has since been discovered of a defence which existed before the judgment. On this ground, therefore, the judgment below must be reversed.

Judgment reversed.