## JAMES A. DECKER *vs.* EVI ADAMS.

1. The obligor of a bond paid to the holder thereof fifty dollars, to apply on the bond, and which the holder agreed to endorse on it: without making the endorsement, the holder assigned the bond to a third party, and the assignee claiming the whole amount of the bond, the obligor paid it, and brought an action of debt against the former holder to recover back the fifty dollars paid: *held*, that the action could not be maintained.

2. An assignee of a bond cannot recover of the obligor more than is due upon it, and the latter is entitled to the benefit of any payments he has made to a former holder of the bond, whether such payments are endorsed upon it or not.

3. If the holder of a bond assign it for more than is due upon it, he is liable to the assignee for the deficiency.

*Certiorari* to Sussex Common Pleas.

Argued before Justices OGDEN, WHELPLEY and VREDEN-BURGH.

*Linn*, for plaintiff.

*McCarter*, for defendant.

WHELPLEY, J. The plaintiff in the court below sued the defendant, in an action of debt, to recover fifty dollars, which he alleged was due to him from Decker, under the following circumstances, set forth in his declaration: that, on the first day of April, 1853, the defendant was the holder, by assignment, of a bond, executed by the plaintiff to one John B. Decker, and while he so held the bond by assignment, the plaintiff paid to defendant, on account of said bond, fifty dollars, which the defendant accepted as a payment on said bond, and promised the plaintiff to endorse as a payment thereon; that defendent did not credit or endorse the said payment on the bond, but assigned it without so doing to one Linn, to whom the plaintiff was obliged to pay the amount due on the bond, without any deduction for the payment so made.

By this declaration, the plaintiff below stated himself out of court. The declaration, clearly and without equivocation, stated that the plaintiff, the obligor of the bond, paid fifty dollars on it, and that the holder received it as a payment. The averment is, that so much was absolutely paid on the bond; that it was absolutely paid *pro tanto.*

The bond could not lawfully be assigned for more than was due upon it, so as to give the assignee any right to demand more than was really due. *Nix. Dig.* 342. The act making bonds assignable so provides. If, therefore, the declaration be true, the plaintiff could not have been compelled to pay the fifty dollars again.

The complaint in the declaration is not that the plaintiff paid the money to the assignee at the request of the assignor, or for his use and benefit, but that he was compelled to pay it over again, which could not possibly be true. After the money had been paid by him to defendant as a payment on the bond, and had been accepted and received as a payment on the bond by defendant, the plaintiff could not have recovered the money back by suit, because the defendant had not endorsed a receipt upon the bond— that was unnecessary to give legal effect to the payment. If he could have suffered any damages, and did suffer them on account of the defendant's failure to perform his promise to make the endorsement—he might recover that, but nothing more. The subsequent assignment of the bond could not create a liability to pay back the fifty dollars, which did not exist before.

The action, although in form debt, is in substance case, for damages suffered by the nonfulfilment of the promise to endorse, which the plaintiff could not by any legal possibility have sustained.

If the payment had been made upon a promissory note not yet due, which could have been transferred as a binding security for the whole sum mentioned in it, the case would have been, perhaps, different.

I am unable to perceive any legal ground upon which

the recovery can be sustained.   It was not, when paid by the plaintiff the second time, paid at the request of defendant—the declaration denies that.   It was not, when first paid, so paid for the use of the plaintiff, but expressly for the use of defendant, who received it for his own use.

The defendant was liable, on his assigning the bond, for more than was due on it, in some form of action to Linn, his assignee, and remained so liable up to the time of the payment of the bond.   He could not, by paying Linn money that he was not entitled to receive, get from him a transfer of his right of action to recover the money overpaid.   The law gave that right of action to Linn—it was an unassignable right.

The plaintiff's remedy was to defend himself against the suit of Linn, on the bond he had a complete defence.   *White* v. *Ward*, 9 *Johns.* 232 ; *Loomis* v. *Pulver*, 9 *Johns.* 244; *Le Guen* v. *Kemble*, 1 *Johns. Ca.* 436.

The plaintiff's counsel cited and relied upon several cases, decided in Massachusetts, somewhat anomalous in character.   The case of *Fowler* v. *Shearer*, 7 *Mass.* 18, if decided on sound principles, which I do not admit, differed from the present case.   There an attorney, having a note for collection, received from the debtor a payment on it, which he did not pay over to the owner of the note ; he entered up judgment for the whole amount of the note against the defendant; the debtor sued the attorney who had received the payment.   The court permitted a recovery on the ground that he had misapplied the money to his own use, and had no right to retain it against the debtor   That is not the present case.

The case of *Rowe* v. *Smith*, 16 *Mass.* 306, is clearly unsound, and cannot be sustained.   In that case a party had made a payment upon his own note to the holder, who afterwards recovered a judgment for the whole amount ; the court allowed the judgment debtor to recover back the payment notwithstanding the judgment. Upon the same principle they might have permitted him

to recover back the whole note, on the ground that it was paid. Of what use would a judgment be? What would it settle, if such were the law?

In the case of *Loring* v. *Mansfield,* 17 *Mass.* 394, the court, although not overruling *Fowler* v. *Shearer,* expressly refused to permit an action to be sustained for credits not endorsed upon a note upon which a judgment had been obtained, saying the remedy was in the first action. *Marriot* v. *Hampton,* 7 *D. & E.* 269; *Hamlet* v. *Richardson,* 9 *Bing.* 643; *Brown* v. *McKinally,* 1 *Esp.* 279, show that this case is not law.

As the case stated in the pleading of the plaintiff is clearly intended, it is unnecessary to examine the statement of facts sent up with the *certiorari.*

The judgment must be reversed.

OGDEN, J., concurred.

VREDENBURGH, J. (dissenting). Adams sued Decker before a justice of the peace in an action of debt. The justice gave judgment for Decker. Upon appeal the judgment was reversed, and judgment given for Adams.

The reason assigned here for reversing the judgment of the Pleas is, that the evidence did not show any legal cause of action.

The state of the case shows that, on the 28th of May, 1853, Decker held a bond and mortgage against Adams; that, on the 25th——, 1853, Adams, by his son, paid $50 to Decker, to be credited upon the bond, and which Decker, when he received the money, agreed to endorse thereon, not then having the bond with him; that Decker, on the 16th April 1857, assigned the bond and mortgage to Edward N. Linn without having endorsed the said payment of $50, and that afterwards Adams paid to the said Linn the whole amount of the said bond and mortgage, including the said $50. The suit was brought to recover this $50.

Decker contends that Adams ought to have resisted the payment to the assignee, and settled the question in a suit against him on the bond by the assignee. Adams insists that Decker, if he saw fit to repudiate his agreement to endorse, and to assign the bond and mortgage without such endorsement for its face, is estopped from urging that the $50 was paid to him to be endorsed, and that he is liable as for money had and received.

In this insistment, I think Mr. Adams is correct. Mr. Decker saw fit, after this payment of $50, to assign the bond at its face and without this endorsement. He thus, in the most emphatic manner, repudiated this agreement to endorse, and insisted that the $50 was not received by him as a payment on the bond, and he cannot now, after Adams has acted on his repudiation and paid the money over again to the assignee, say he did receive it as a payment on his bond. He is estopped from doing so by his own act. It is true Adams might have defended against the assignee. But he was not under any obligation to do so, and let in Decker as a witness and subject himself to other risks. He had a right to take Mr. Decker at his word, and as he denied that the $50 was paid on the bond, call upon him to show what it was paid for. Decker's defence is not that he did not receive this $50, not that he has paid it, not that he has accounted for it in any way, not that he has endorsed it, but simply that Adams might have got credit for it if he had seen fit to contest a suit on the bond and mortgage and run the risk of costs in foreclosure debt and ejectment. It is manifest that Mr. Adams might rather pay, as he has done, this $50 twice than to take that course, even if he had proved victorious. Adams shows a payment to Decker of $50 for a specific purpose, to wit, to be endorsed on a bond and mortgage, and that Decker appropriated it to no such use or in any other way for his benefit.

He is entitled to recover it back as for a consideration that has failed.

Suppose Decker had received this money under an agreement to pay it to some other person, to be endorsed on a bond, and he failed to do it, would he not be liable? Does it make any difference whether he himself holds the bond or somebody else? *Doug. R.* 137.

In think the judgment of the Pleas should be affirmed.