JOHN M. WELLS, Plaintiff in Error, *v.* GEORGE MOORE, Defendant in Error.

1. *Pleadings — Demurrer—Judgment on* res adjudicata.—Demurrer being filed to a petition on the ground of certain formal defects, a final judgment thereon, and which does not reach the merits of the case, is no bar to a subsequent suit between the same parties touching the same cause of action.

*Error to Cass Circuit Court.*

*Boggess & Sloan,* for plaintiff in error.

I. The decision and final judgment rendered by the Kansas City Court of Common Pleas was rendered upon a special demurrer

to petition, for the reason that the petition did not state facts sufficient to constitute a cause of action. This cannot constitute a bar to a subsequent suit for the same cause of action. (See 21 Pick. 250 ; 10 Pet. 299 ; 12 Curtis' Dig. 130–3 ; 21 Ind. 190 ; 12 Mo. 103 ; 15 Ill. 300 ; 1 Blackf. 56 ; 6 Blackf. 56.)

II. To constitute a former judgment on adjudication a bar to a subsequent suit upon the same cause of action, it must appear to have been upon the merits upon a proper state of pleading. (See the authorities above cited.)

ADAMS, Judge, delivered the opinion of the court

This was a suit by plaintiff against the defendant as indorser of three several promissory notes, one of which was a negotiable note and the other two non-negotiable.

The only defense relied on was a former judgment on demurrer, rendered in a suit between the same parties in the Kansas City Court of Common Pleas. In the latter suit the defendant demurred to the plaintiff's petition, and alleged as causes of demurrer certain defects in the petition, and this demurrer was sustained and a final judgment rendered on the demurrer in favor of the defendant. The cause was submitted to the court, and the court decided that the former judgment was a bar to this suit.

It is a well-established principle that where a matter has been once adjudicated on its merits, in a suit between the same parties or their privies, such adjudication is a complete bar to another action. (See Thompson v. Wineland, 11 Mo. 244; 1 Greenl. Ev., §§ 522–3 ; 11 Mass. 445 ; 2 Johns. 210 ; 8 Johns. 383 ; 9 Johns. 232 ; 14 Johns. 377.)

But the principle is equally well settled that where the former adjudication was not on the merits, it forms no bar to another action. The merits of this case were not touched by the first judgment. The court did not pretend to decide anything except that the plaintiff's petition was defective. Whether that decision was right or wrong, it is unnecessary now to inquire. It is sufficient to say that such an adjudication is no bar to another action between these parties. (See Lepping and Kedgewin, 1 Mod. 207;

Bell v. Hoagland, 15 Mo. 360; 12 Mo. 103; 10 Pet. 299; 12 Curtis, 130–3; 21 Ind. 190; 1 Blackf. 56; 6 Blackf. 56.)

Let the judgment be reversed and the cause remanded. The other judges concur