BEARDSLEE v. MORGNER, *Appellant.*

1. **Pleading**: AMENDED PETITIONS: WAIVER. Section 3540 of the Revised Statutes, provides that: "If a third petition * * be filed and adjudged insufficient * * the party filing such pleading shall pay treble costs, and no further petition shall be filed, but judgment shall be rendered." *Held*, that this is mandatory. The court has no power to permit the filing of a subsequent petition. Nor will the defendant waive his rights by answering such petition if one be filed, especially if he first moves to have it stricken from the files and for judgment, and upon such motion being overruled saves an exception.

2. **Debts, Indivisible Without Consent of Debtor.** A creditor cannot, without the consent of his debtor, make a valid assignment of a part of his claim.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*McDearmon & Gauss* and *Hinman & Lewis* for appellant.

*Kingsbury & Bruere* for respondents.

## I.

SHERWOOD, C. J.—There were six amended petitions filed in this cause, demurrers having proved successful as to six petitions, one original and five amended petitions. After the third amended petition had been adjudged insufficient on demurrer, defendant filed his motion to strike the fourth amended petition from the files, and to render a final judgment in his favor. This motion was unsuccessful, and exceptions were saved. Plaintiffs' fourth and fifth amended petitions were likewise held insufficient on demurrer, but their sixth amended petition was held sufficient, and thereupon defendant filed his answer, on which the trial was had.

The statute provides: "If a third petition * * be filed and adjudged insufficient, as above, or the whole or some part thereof be stricken out, the party filing such pleading shall pay treble costs, and no further petition * * shall be filed, but judgment shall be rendered." R. S. 1879, § 3540. This language cannot be regarded as anything short of mandatory, since the section just quoted contains not only an express prohibition against allowing any other petitions to be filed, but emphasizes that prohibition by commanding that "*judgment shall be rendered.*" This language is altogether too plain for construction. It leaves no discretion to the court, and requires no motion to bring the power of the court into active exercise. Upon the occurrence of a third defective petition, the jurisdiction of the court to receive a further petition is cut off, and its only remaining power in the premises is to obey the behest of the statute, and render judgment. This view is in accord with that heretofore taken by this court in reference to the abating of suits unless revived on or before the third term after the suggestion of death, etc., the statute requiring that in case there be no review on or

before the third term after suggestion of death, the suit shall abate. R. S. 1879, § 3668. And we held that after the time limited by statute for renewing the suit had expired, a *sci. fa.* issued for the purpose of such review was improvidently issued, and the suit properly dismissed; because the writ being issued without authority of law, the plaintiff had acquired no rights thereunder; and that "no provisions are made for extending the time so limited under any circumstances." *Rutherford v. Williams*, 62 Mo. 252. It will be readily observed that the language of the section under discussion is more emphatic than the section commented on in the case cited.

And it will not do to say that defendant, by answering, has abandoned or relinquished any rights which the statute accords to a thrice successful demurrant. In the case at bar the defendant had done more than could have been legitimately asked at his hands; he had called upon the court to perform its statutory office, and, meeting with unexpected and unwarranted refusal, had no reason to expect that a renewal of his motion would be of any avail. This is not like an instance where a party fails to take certain objections either by demurrer or by answer, for there the statute is express that the party thus failing, "shall be deemed to have waived the same." In the statute being discussed, a waiver is neither contemplated nor allowed. If the court under the statute could not permit a "further petition" to be filed, certainly the successful demurrant could do no more, and by his bare permission enlarge the special statutory powers of the court. And it is evident in this case that the demurrant did not, if he could, waive any vantage ground he had gained; for he saved the point by his exception and renewed it by his motion in arrest. But even had the point not been thus saved, there it stands upon the record, a glaring disregard of a special statutory duty imposed upon the court. The legislature, no doubt, thought a pleader who could not draw a good petition in three trials, ought to go out of court, and not detain his

adversary any longer by his blundering dilatoriness. Whatever they may have thought, this is what they commanded, and that command we are not at liberty to ignore. *Wait v. Van Allen*, 22 N. Y. 319.

## II.

But aside from the point just referred to, one equally fatal to this appeal confronts us: Without the consent of the defendant, it was altogether out of the power of Mary Weiss to assign to her co-plaintiffs one-half of the sum due her by the note of defendant, and as much beyond their power to assign to her one-half the sums specified in the notes made payable to them. This matter was so ruled in *Burnett v. Crandall*, 63 Mo. 410. A debtor has some rights to which the law gives recognition, and among them is the right to discharge his debt as an *integer*, and not otherwise, unless he so desires. The judgment is reversed and the cause remanded, with directions to dismiss the petition. All concur, except RAY, J., not sitting.