McCauley, J.
The single question in this case is, whether or not a judgment for the defendant upon a petition which did not state facts sufficient to constitute a 7ause of action, is a bar to a future action between tbe same parties for the same cause. A judgment for the defendant given upon the facts stated in the petition is conclusive upon the plaintiff only as to the facts therein stated. If the facts alleged make a cause of action a judgment upon them is final between the parties. If the facts do not state a cause of action a judgment upon them is not a judgment on the merits of the case, and does not stand in the way of a future action for the same cause. Gould v. Evansville R. R., 91 U. S., 526; Wells v. Moore, 49 Mo., 229; Gilman v. Rines, 10 Pet., 298. Counsel for defendant in error urge, upon the authority of Covington Bridge Co. v. *64 Sargent, 27 Ohio St., 233; Rody v. Rainsberger, Id., 674, and Bell v. McCulloch, 31 Id., 397, that tbe second action can not be maintained. These cases do not support the claim of the defendant. They apply to a wholly different question. In these cases sufficient facts were alleged to make a cause of action, and the cases were tried upon the merits, after which the losing party set up the same claim in a different form, or asked for different relief upon the same facts. The cases are authority for the rule that, when issues have once been determined between the parties involving the merits of the matters in controversy, the same issues will not be heard again, even though the same issues may be supported by a different state of fact. The pleadings in these cases stated causes of action and defenses, and the trial was on the merits. The merits of the case having once been heard the judgment was final; while a judgment for a defendant on demurrer to a petition which did not state a cause of action determined nothing, only that the facts alleged were not sufficient to constitute a cause of action. The determination, therefore, did not reach the merits of the case and did not conclude the plaintiff in a future action in which sufficient facts were alleged.

Judgment of District Court reversed and that of Common Pleas affirmed.