W. T. AUSTIN, Respondent, v. J. WILL BOYD, Appellant.

St. Louis Court of Appeals, November 22, 1887.

1. PRACTICE, TRIAL, APPELLATE—DISCRETION.—The extension of time within which pleadings are required to be filed is discretionary with the trial court, and appellate courts will not interfere unless such discretion appears to have been abused.

2. —————— ORAL MOTIONS INADMISSIBLE.—Appellate courts will not review the propriety of the action of a trial court in overruling a motion to strike out parts of a pleading where no written motion is preserved in the record.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

BROADHEAD & HAEUSSLER, for the appellant: The court had no power to extend the time for filing a third petition. Rev. Stat., sect. 3339; *Beardslee v. Morgner*, 73 Mo. 22; *Rutherford v. Williams*, 62 Mo. 252.

CHRISTIAN & WIND, for the respondent.

ROMBAUER, J., delivered the opinion of the court.
The original petition in this case was adjudged insufficient on demurrer; whereupon the plaintiff filed an amended petition, which, on the defendant's demurrer, was also adjudged insufficient, June 12, 1882. July 3, 1882, the plaintiff obtained leave to file a second amended petition in twenty days, and did, on the thirty-first day of July, 1882, file such petition.

To the second amended petition thus filed the defendant filed an answer October 9, 1882, but, on February 14, 1883, withdrew the answer, and, by leave of court, filed a motion to strike out the plaintiff's second amended

petition, alleging, as grounds of the motion, that the said petition was filed neither *instanter*, upon the former petition being adjudged insufficient, as required by section 3539 of the Revised Statutes, nor within the time granted by the court.

It does not appear whether any evidence was heard on the trial of this motion. The motion was overruled by the court and the defendant excepted, preserving his exceptions by bill.

The defendant thereafter, January 27, 1887, filed an amended answer to the second amended petition of the plaintiff, and the parties went to trial on the issues thus framed; which trial resulted in a judgment for the plaintiff.

The defendant appealing assigns for error the action of the court in overruling his motion to strike out the plaintiff's second amended petition, and in support cites the case of *Beardslee v. Morgner* (73 Mo. 22).

Section 3539 of the Revised Statutes provides, that "if a second petition * * * be filed and adjudged insufficient * * * the party filing such second pleading shall pay double costs, and file a like pleading *instanter;* or, in default thereof, the court shall proceed with the cause in the same manner as if no second pleading had been filed."

Section 3540 provides, that "if a third petition * * * shall be filed and adjudged insufficient, the party filing such pleading shall pay treble costs; and no further petition shall be filed, but judgment shall be rendered."

It was this last section which was construed in *Beardslee v. Morgner* (73 Mo. 22), the court holding that "upon the occurrence of a third defective petition, the jurisdiction of the court to receive a further petition is cut off," and its only remaining power in the premises is to obey the behest of the statute, and render judgment, and further holding that it "will not do to say that a defendant, by answering, has abandoned or relinquished

any rights which the statute accords to a thrice successful demurrant."

It will be seen that the distinction between the two sections above recited is pronounced. The former fixes the time within which a further amended pleading may be filed, while the latter prohibits the filing of any further pleading, and calls peremptorily for a judgment. Section 3539 is as much within the provisions of section 3534, in the same article, as any other section therein fixing the time within which pleadings may be filed. That section expressly provides that "the courts, upon good cause shown and for the furtherance of justice, may extend the time prescribed in this article for filing any pleading or motion, upon such terms as may be just," and thus leaves the time within which pleadings must be filed to the sound judicial discretion of the trial court. *The State to use v. Matlock*, 82 Mo. 455.

There is nothing in this record to show that the court, in this instance, was guilty of a gross abuse of this discretion, which alone would authorize an appellate court to interfere. Many contingencies may have existed furnishing good cause why the time for filing the third amended petition was extended, and, as the record is silent on that subject, we must assume that the court exercised its discretion properly.

The plaintiff asked leave by written motion to withdraw certain parts of his petition. Before it was acted on the plaintiff asked and obtained leave to withdraw his motion. The defendant thereupon orally asked leave to move to strike out the parts of the petition proposed to be withdrawn, and the court stated it might be considered as made and the motion was overruled. No written motion was ever filed.

This action of the court is also complained of as error. It is needless to say that this part of the record brings nothing here for review. Oral pleadings are inadmissible in courts of record. If the defendant desired to preserve his exceptions to the rulings of the court, in refusing to strike out irrelevant matter from the plain-

tiff's petition, he should have filed, or tendered to be filed, a written motion to strike out, assigning proper grounds. He has failed to do so, and the fact that his failure to do so was owing to an improvident remark of the court is no excuse.

Since the submission of this appeal the defendant died and Lizzie S. Boyd has been appointed his administratrix. The action has been revived in the name of the administratrix.

The judgment, with the concurrence of the other judges, will be affirmed, against the administratrix, to be classified as a judgment demand against the decedent's estate.