Gordon v. Burris.

GORDON v. BURRIS et al., Appellants.

Division Two, November 20, 1894.

1. **Pleading**: THREE DEFECTIVE PETITIONS: STATUTE. Revised Statutes, 1889, section 2068, providing that where three petitions have been adjudged insufficient, judgment shall be rendered for treble costs applies to a proceeding to contest a will.

2. ———: ———: ———: JUDGMENT. The foregoing statute authorizes a judgment only for treble costs and not one on the merits.

*Appeal from Livingston Circuit Court.*—J. L. MIRICK, *Esq.*, Special Judge.

AFFIRMED.

*J. E. Wait* and *Frank Sheetz* for appellants.

(1) Final judgment must be rendered on sustaining of demurrer to third amended petition. R. S. 1889, sec. 2068; *Beardsley v. Morgan*, 73 Mo. 22; *Spurlock v. Railroad*, 93 Mo. 13. (2) In contest of will neither can take nonsuit, but judgment must establish or reject the will. *Benoist v. Murrin*, 48 Mo. 48; *Bedwell v. Swank*, 84 Mo. 455; *Hughes v. Burris*,

85 Mo. 660; *McMahon v. McMahon*, 100 Mo. 97. Any other judgment is erroneous. *Jackson v. Hardin*, 83 Mo. 177. And court will render such judgment here. (3) The plaintiff abandoned said second amended petition, and so any error in sustaining demurrer to it can not be considered in this case. *Higly v. Noel*, 51 Mo. 145; *Ware v. Johnson*, 55 Mo. 500. (4) There was no error in sustaining demurrer to second amended petition. No allegation of probate or rejection of the will in it nor appointment of administrator. This was necessary. R. S. 1889, sec. 8888; *Banks v. Banks*, 65 Mo. 432.

*T. H. Kemp, L. H. Waters* and *H. Lander* for respondent.

(1) The court erred in striking plaintiff's petition from the files. It was the plaintiff's second amended petition. (2) Section 2068, Revised Statutes, 1889, has no application to a proceeding like this. It is in the nature of an appeal from the probate court, and the validity of the will must be passed on. *Hughes v. Burris*, 85 Mo. 660; *Benoist v. Murrin*, 48 Mo. 48; *Bidwell v. Swank*, 84 Mo. 455. Without a petition attacking the will, there can be no issue to try. Indeed, the court has no jurisdiction. *Lilly v. Tobbein*, 103 Mo. 477. (3) The court erred in sustaining demurrers to first and second amended petitions.

SHERWOOD, J.—This cause comes here on the appeal of the defendants. The petition filed in the cause sought to set aside the will of Lucinda Burris, on the ground of undue influence, etc. A demurrer on general and special grounds was interposed by defendants, and the petition adjudged insufficient. Then a first amended petition was filed and on demurrer by defendants this also was adjudged insufficient. Then

plaintiff filed her second amended petition, and on motion of defendants a portion of this petition was stricken out, and on their demurrer the residue of the petition was adjudged insufficient.    Then, by leave of court, as the record recites, "plaintiff ·has leave to amend said second amended petition by interlineation which is done, and said petition is refiled as the *third amended petition.*"

Thereupon defendants filed their motion to strike the third amended petition from the files on the ground that three petitions prior to that had been adjudged insufficient on demurrer and, therefore, plaintiff had no right to further plead in the cause.    And they moved also that judgment be rendered establishing the will as the last will and testament of Lucinda Burris. On the filing of this motion plaintiff took a nonsuit and afterwards moved to set it aside, and reinstate the cause.    Both these motions were heard together and the cause was reinstated.    The court then granted the motion of defendants so far as to strike the third amended petition from the files, but denied the motion in regard to establishing the will, etc., and refused defendants permission to introduce the will or the probate thereof or the evidence of the attesting witnesses, and entered a final judgment dismissing the petition and for costs against plaintiff. .

To this action of the court defendants alone excepted, and after an unsuccessful motion for a new trial they appealed as before stated.    So that the only question to be determined on this appeal is, did the trial court enter the proper judgment?    This point presents no difficulty.

Section 2068, Revised Statutes, 1889, provides: "If a third petition    *    *    *    be filed and adjudged insufficient as above, or the whole or some part thereof be stricken out, the party filing such pleading shall

pay treble costs; and no further petition  *  *  * shall be filed, but judgment shall be rendered."

This section was passed on in *Beardslee v. Morgner*, 73 Mo. 22, and its provisions held to be *mandatory*, leaving no discretion to be exercised by the trial court.

That section contains *no exceptions whatever* in regard to contests over *wills*. It applies to every variety of civil action where pleadings in usual form are filed in the circuit court.

As the party in fault because of having filed *three* defective pleadings is required to pay treble costs, it is to be presumed that judgment is to be rendered for such costs. But there is no intimation in the section that a judgment is to be rendered on the. *merits*, or that such judgment shall be a *bar* to any future proceedings involving the same facts.

Nor is there any intimation in the section under discussion that any evidence can be heard after the disposition of the third defective petition. At that point the section says: "*But judgment shall be rendered.*" *What* judgment? Evidently a judgment for treble costs, for that is all the section allows or alludes to.

And the effect of the section was not changed or in any manner varied because of the nonsuit taken by plaintiff. Whenever the cause was redocketed at her instance, it stood precisely as if no nonsuit had been taken.

Having passed on the only. question raised by this appeal, and finding no error on that point we affirm the judgment. All concur.