# CASES DETERMINED

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

MARCH TERM, 1895.

GEO. L. BENNETT, Respondent, v. SOUTHERN BANK OF
MEXICO *et al.*, Appellant.

Kansas City Court of Appeals, November 19, 1894, and
March 4, 1895.

1. **Attachment:** SUIT ON BOND: AFFIDAVIT: PLEADING. In an action
on an attachment bond, the truth and falsity of the attachment affi-
davit can not be tried, and allegations in the petition that certain
averments in the affidavit for the attachment were false should be
stricken out on motion; but the overruling of such motion is not
such error as will prejudice the defendant.

2. **Res Adjudicata:** JUDGMENT ON, DEMURRER. Where the matter
has been once finally adjudicated, the parties are for all time pre-
cluded from raising that question again, but such adjudication must
have been on the merits, and not upon demurrer.

ON MOTION FOR REHEARING.

3. ———: THIRD DEMURRER: SUBSEQUENT ACTION: STATUTE. The
fact that judgment had been entered on a third demurrer to the sec-
ond amended petition will not bar a subsequent action on a sufficient
petition. Section 2068, Revised Statutes, 1889, is penal, and the

(297)

courts can not go beyond the words and plain import thereof and add a further penalty, to wit, that the plaintiff shall never renew his suit. *Beardslee v. Morgner*, 73 Mo. 22, *distinguished*.

*Appeal from the Callaway Circuit Court.*—HON. JNO. A. HOCKADAY, Judge.

AFFIRMED.

*W. H. Kennan* for appellant.

(1) The truth of an affidavit of an attachment can not be inquired into in a suit on the bond. *Hayden et al. v. Sample*, 10 Mo. 215. (2) The court erred in sustaining the demurrer filed by plaintiff to the first count or defense in defendant's answer. 1 R. S. 1889, sec. 2068, p. 545; *Beardslee v. Morgner*, 73 Mo. 22; *Spurlock v. Railroad*, 93 Mo. 13; *Austin v. Boyd*, 28 Mo. App. 52.

*Crews & Thurmond* for respondent.

(1) The court did not err in overruling the motion to strike out parts of plaintiff's' petition. The said ruling of the court did not materially affect the merits of the action. R. S. 1889, sec. 2303; Freeman on Judgments, sec. 267. (2) It is a well settled principle that a former adjudication, to be a bar to another action, must have been on the merits of the case. The last demurrer, as well as the two preceding ones, only raised the question of the sufficiency of the petition, and did not bring before the court the merits of the case. *Wells v. Moore*, 49 Mo. 230; *Bell v. Hoagland*, 15 Mo. 360; *Taylor v. Larkin*, 12 Mo. 103. (3) Plaintiff had the right to have his case tried by a jury, and no judgment of the court could divest him of that right. Constitution, art. 2, sec. 28; McGary's Treatise on Pleadings, sec. 121; *Hughes v. United States*, 4 Wall. 232–237; *Gilman v. Rives*, 10 Peters, 298; *Water Works v. School District*, 23 Mo. App. 235–236.

GILL, J.—In November, 1890, the defendant bank instituted an attachment suit against the plaintiff, Bennett; the other defendants herein were sureties on the attachment bond. Under said writ of attachment, Bennett's real estate and personal property were levied on. In the December following, the bank dismissed its attachment against Bennett, and the property theretofore seized by the sheriff was released. This is an action brought on the attachment bond, wherein plaintiff had a verdict and judgment for $550, and defendants appealed. Other facts will be stated further on.

I. In the effort to reverse this judgment, two points are made, to wit: *First*, that the court erred in overruling defendants' motion to strike out parts of the petition, and, *second*, that the court erroneously sustained a demurrer to the first count of the answer. We shall dispose of these in the order mentioned.

In the petition filed in this cause, after stating that the bank on November 7, 1890, began an attachment suit against plaintiff, it was stated that, in the affidavit therefor, it was alleged that this plaintiff had concealed himself so that the ordinary process of law could not be served upon him, and that the debt sued for was fraudulently contracted on the part of the debtor, this plaintiff. And further on, in addition to the necessary allegations, it was further stated "that said writ of attachment was wrongfully sued out; that no just ground existed for causing the same to be issued."

Defendants filed a motion, asking the court below to strike out these allegations in the petition, for the alleged reason that the truth of an affidavit for attachment can not be inquired into in a suit on the attachment bond. This motion was overruled, and this constitutes the first error complained of.

It is clear that the motion ought to have been sustained. The matter aimed at by the motion was

immaterial and properly had no place in this action.
That the attachment was wrongfully sued out was set-
tled by the judgment in the attachment suit; and the
truth or falsity of the attachment affidavit could not
be tried in this action on the bond. *Hayden v. Sample*,
10 Mo. 215.   But it does not follow that this judgment
should be reversed for this error of the lower court.
Said erroneous ruling was of no possible prejudice to
the defendants.   The effect of leaving these unneces-
sary allegations in the petition would at most impose
additional burdens on plaintiff; and such as, in the
nature of the case, he was not legally bound to assume.
In this action he was under no obligation to disprove
the allegations of the attachment affidavit.

II.   In the first count of defendants' answer it was
sought to bar this action by the plea of *res adjudicata*,
based on the following facts alleged:   In the year
1891, plaintiff sued these same defendants on this
same cause of action, and in that proceeding the
plaintiff filed three several petitions, each of which
was, on demurrer, adjudged insufficient.   And there-
upon the court, on defendants' motion, and in pur-
suance of section 2068 of the practice act, entered a
final judgment, and turned the plaintiff out of court.
The trial court sustained plaintiff's demurrer to this
first count of the answer, and this ruling is now com-
plained of.

The principle is well established, of course, that,
where a matter has been once finally adjudicated the
parties to the action are for all time precluded from
raising that question again.   But it is equally as well
settled that such former adjudication in order to be a
bar, must have been on the merits.   *Wells v. Moore*,
49 Mo. 229.   1 Freeman on Judgments [4 Ed.], sec.
260.   In the absence of a contrary showing, we assume,
as to the case in hand, that the former judgment on

demurrer (now pleaded in bar) was on account of a petition defective in form or substance, while here we have a perfect petition. And in such case the rule is quite universal, "that a judgment sustaining a demurrer to a demurrable complaint can not be successfully pleaded in bar to a subsequent action in which the complaint is perfect." 1 Freeman on Judgments, sec. 267. In our opinion, then, the court properly sustained a demurrer to the first count of defendants' answer.

Judgment affirmed. All concur.

### ON MOTION FOR REHEARING.

GILL, J.—Defendants' counsel, in their motion for a rehearing, declare that we have ignored section 2068 of the Revised Statutes; that we have decided that said section "signifies nothing;" and further, that we disregard certain decisions of the supreme court.

We did not intend to commit either of these grave offenses, since we fully understand that it is our duty to enforce the statutes, and follow the last previous rulings of the supreme court.

As I understand counsel's position, it is this: They admit that a judgment on demurrer in a case where there was only *one* filed, would not bar another action; (and this, they say, was *Wells v. Moore*, 49 Mo. 229); but it is contended that where the plaintiff subsequently twice amends his petition, and to this last a third demurrer should be filed and sustained, then a judgment on this last demurrer is such as will preclude the institution and prosecution of another action, based on a perfect petition. In other words, a final judgment on the *first* demurrer will not bar another suit, but a final judgment entered on a *third* demurrer will have that effect.

I fail to discover anything in the statute that justifies this contention. It seems plain to my mind that

a judgment entered on the third demurrer is of no greater force than if the plaintiff had, on the first or second adverse ruling, declined to amend, and judgment had been entered against him. A judgment in either case is a judgment *on demurrer*, and the one is as effective to shut off future litigation as the other. It will be seen by reference to sections 2066, 2067 and 2068, Revised Statutes, that it is made the duty of the trial court to enter judgment against the plaintiff on either the first, second or third ruling—in the first, if he fails to amend his petition within the time designated by the court; in the second if he fails to amend instanter and pay double costs; and on the third ruling absolutely. But the judgment in either case is, as already said, a final judgment on demurrer. Under section 2066, the plaintiff may amend his defective petition in such time as the court may allow and without penalty; but if he fails in the second attempt, then, under section 2067, said plaintiff must amend "on the spot"—instanter, and pay double costs; and, if yet, on the third attempt, he has filed a defective petition, and it is so adjudged by the court, then as a further penalty and punishment, the plaintiff will be forced to go out of court, pay treble costs, and a final judgment entered, as on the first or second demurrer.

This statute is penal in its nature. The offending party is punished for the negligent or unskillful manner of drafting his pleadings. Are we authorized to go beyond the words and plain import of the statute and annex a further penalty, to wit, that the plaintiff shall never renew his suit? I think not.

*Beardslee v. Morgner*, 73 Mo. 22, and cases following and approving the same, have no bearing on the question we have here. They decide simply that it is not in the power of the trial court to allow a fourth petition to be filed, when the three preceding have

been adjudged insufficient; that it is mandatory on the court when three pleadings have been condemned by its rulings, to enter judgment against the offending party.

With the concurrence of the other judges, a rehearing will be denied.