R. J. LEONARD, Respondent, v. THE MISSOURI, KANSAS & TEXAS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, December 8, 1896.

Salary, Partial Assignment of: RIGHT OF ASSIGNEE TO RECOVER: AUTHORITY OF LOCAL AGENT TO BIND DEBTOR. The partial assignment of a claim for salary without defendant's consent gives the assignee no right of action against defendant; and defendant's consent to such assignment can not be inferred from the consent of a local agent, but his authority to bind defendant must be shown.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

REVERSED AND REMANDED.

*Johnson & Houts* for appellant.

Cahill could not assign a part of the amount due him from the railway company without the latter's consent. *Love v. Fairfield,* 13 Mo. 300; *Loomis v. Robinson,* 76 *Id.* 488; *Bank v. Noonan,* 88 Mo. 372; *McLeod v. Snyder,* 110 *Id.* 298.

The authority of the local agent to bind defendant must be shown, either by an express delegation, or by the conduct or necessities of its business. *Brown v. Railroad,* 67 Mo. 122; *Farber v. Railroad,* 32 Mo. App. 383; *Same v. Same,* 116 Mo. 81; *McGowan v. Railroad,* 61 *Id.* 528; *Rosenthal v. Railroad,* 40 Mo. App. 579; *Harrison v. Railroad,* 50 *Id.* 337.

*James R. Kinealy* for respondent.

Under the circumstances of this case, it is the duty of the court to uphold the judgment, if it can be done on any theory of the law applicable to the facts, no instructions having been requested or given, nor any exceptions taken and preserved to the admission or rejection of evidence. *Guinotte v. Egelhoff*, 64 Mo. App. 356; *Wagner v. Furniture Co.* (decided at last term); *Brooks v. Holt*, 2 Mo. App. 168. See, also, *Buck v. Railroad*, 108 Mo. 179; *Herboth v. Gaal*, 47 Mo. App. 256.

The assent of the debtor may be inferred from his acts, and need not be expressed. *Fourth Nat. Bank v. Noonan*, 88 Mo. 372; *Railroad Co. v. Wright*, 38 Mo. App. 121; *Johnson Co. v. Bryson*, 27 *Id*. 341.

ROMBAUER, P. J.—Touching the following facts there is no controversy. One Cahill was a clerk in the defendant's employ in September, 1894. He executed and delivered to the plaintiff for value the following instrument of writing:

"$20.00          ST. LOUIS, Mo., Sept. 5th, 1894.

"For value received I hereby sell and assign to R. J. Leonard the sum of twenty dollars due or to be due me for services in the month of September, 1894, by the M., K. & T. R. R. I admit that if I collect said money, it is as his agent, and to be paid him immediately.          (Signed)          M. J. CAHILL.

"Oct. 10, pay day."

Previous to buying this paper plaintiff inquired by telephone of one White, who was the defendant's local agent, whether the assignment was good, and was informed in reply that it was. He also inquired whether that amount of money was due Cahill, and was told a

little more than that. He then inquired whether White would pay the amount when due, and if Cahill quit in the meantime whether he (White) would advise the plaintiff of that fact, and received an answer in the affirmative. A few days afterward White notified the plaintiff that Cahill had quit, and that the money was there yet, and requested the plaintiff to call. The plaintiff called and was informed by White that Cahill had sent another order claiming the money, but if plaintiff would leave his assignment there he would refer it to the attorney of the company. The plaintiff left his assignment with White, who subsequently returned it to him, stating that the company would not pay it. It further appeared that subsequent to these matters transpiring between White and the plaintiff, the defendant paid to Cahill's wife, upon his order, the sum of $22.85, which was the whole amount due from the defendant to Cahill. Upon this evidence the plaintiff recovered judgment against the defendant for the amount of $20 and interest. The defendant appeals and assigns for error that the judgment is not supported by substantial evidence.

The defendant contends that a part of a debt can not be assigned without the consent of the debtor, so as to bind him. This proposition is supported in this state by a number of cases. *Love v. Fairfield*, 13 Mo. 300; *Burnett v. Crandall*, 63 Mo. 410; *Beardsless v. Morgner*, 73 Mo. 22; *Loomis v. Robinson*, 76 Mo. 488; *Bank v. Noonan*, 88 Mo. 372. The defendant further contends that as the cause was instituted before a justice of the peace, the defense was available to it under the general issue. The defendant also contends that there is no substantial evidence in this case that it ever consented to such partial assignment. If these contentions are correct, the judgment must be reversed,

PARTIAL assignment of claim: right of assignee to recover: authority of local agent to bind debtor.

because we have frequently decided that a judgment unsupported by substantial evidence can not stand when properly challenged on that ground.

On the other hand the plaintiff contends that the evidence in this case admits of the inference that Cahill assigned to him all that was due to Cahill from the defendant, and further that the court might have inferred from the evidence that White was authorized to consent for the defendant to a partial assignment of the claim, either before or after White's so consenting, and further that in the absence of all instructions and all objections to evidence we should uphold the judgment if this can be done on any theory of the evidence.

The last proposition is undoubtedly correct, but it is not apparent how it can aid the plaintiff unless the evidence supports one of his preceding contentions. Inferences must rest on logical deductions from established facts, and not on bare conjecture. That the assignment was not a sale of an entire claim, appears by its terms and by the uncontroverted facts that Cahill was employed at $60 a month and that $22.85 was due him when he quit. It furthermore appears by plaintiff's own evidence that he was informed by White that more than $20 was due to Cahill. No authority is shown by plaintiff's evidence, in White to consent to a partial assignment, nor can such authority be inferred from the designation of his office, which is that of a local agent. *Brown v. Railroad*, 67 Mo. 122; *Barber v. Railroad*, 116 Mo. 81. On the other hand the defendant's evidence is positive that White had no such authority. What instruction could the defendant have asked under these circumstances which could have saved the objection it now makes more completely, since it is the law that the splitting of the demand without defendant's consent gave the assignee no right of

action against it, and since evidence of such consent was missing.

As the plaintiff may, upon a retrial of the cause, show a course of conduct on part of defendant justifying his reliance on White's promise, or may be able to show that White's promise was authorized by some officer of the defendant who had power to do so, we will remand the case for new trial. Judgment reversed and cause remanded. All the judges concur.