JAMES B. SWING, Trustee, Appellant, v. KARGES FURNITURE COMPANY, Respondent.

St. Louis Court of Appeals, October 1, 1910.

1. APPELLATE PRACTICE: Successive Appeals: Law of the Case. The Court of Appeals will not re-examine a question decided on a former appeal.

2. FOREIGN STATUTES: Pleading. Where a foreign statute or the statute of another state is relied upon as constituting a cause of action or conferring a right to sue, it must be substantially pleaded with such distinctness that the court may understand and determine its effect.

3. STATUTES: Domestic: Pleading: Evidence: Judicial Notice. General laws of the state of the forum need not be pleaded, since courts judicially know of their existence and effect.

4. CORPORATIONS: Action Against Stockholders: Foreign Statutes: Pleading: Sufficiency of Petition. An amended petition by one claiming to be trustee of an Ohio mutual fire insurance company, to enforce a contingent liability against a policyholder under the laws of that state, alleging that under con-

stitutional and statutory provisions of that state, cited merely by title, chapter and section, the Supreme Court of that state had full jurisdiction in *quo warranto* to oust and dissolve a corporation, to appoint a trustee, etc., and that the suit in which the trustee was appointed was such a proceeding, but not indicating the particular circumstances under which the court could proceed to exercise the jurisdiction referred to, is insufficient, the court being unable to determine from the matter pleaded whether the Supreme Court of Ohio did or did not have jurisdiction to dissolve the corporation and vest plaintiff with the right to enforce the contingent liability against policy-holders, the averment that the Supreme Court had such jurisdiction being merely a conclusion of the pleader.

5. **PLEADING:  Three Petitions Adjudged Insufficient on Demurrer: Form of Judgment.** Section 623, Revised Statutes 1899, providing that if a third petition be adjudged insufficient on demurrer, no further petition shall be filed, but judgment shall be rendered, is penal in nature, and the judgment given under it must not exceed its express provisions.

6. **JUDGMENTS: Res Judicata.** A matter once finally adjudicated precludes the parties to the action from raising it again; but, to be a bar, the adjudication must be on the merits.

7. ———: ———: **Judgment on Demurrer.** A judgment on demurrer does not bar a subsequent suit between the same parties on the same cause of action.

8. **PLEADING:  Three Petitions Adjudged Insufficient on Demurrer: Form of Judgment.** Under section 623, Revised Statutes 1899, providing that, if a third petition be adjudged insufficient on demurrer, treble costs shall be imposed and judgment rendered, the court, on sustaining a demurrer to the third petition, is authorized to do no more than enter the usual judgment on demurrer, award treble costs, and dismiss the petition, leaving plaintiff free to institute a new suit.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

REMANDED (*with directions*).

*Johnson, Rule & Allen* and *Patterson A. Reece* for appellant.

(1)  Only two petitions (not three) have in this case been adjudged insufficient within the meaning and

intent of sec. 623, R. S. 1899. Spurlock v. Railroad, 93 Mo. 13; Wilkinson v. Goodin, 71 Mo. App. 394; Antonelli v. Basile, 93 Mo. App. 138. (2) Sec. 623, Revised Statutes, does not authorize a judgment on the merits, even if three petitions had been adjudged insufficient. Gordon v. Burris, 125 Mo. 39. (3) The third amended petition sufficiently alleges the jurisdiction of the Supreme Court of Ohio without pleading the constitution and laws of Ohio establishing that jurisdiction, since those laws are not the basis of the plaintiff's action. Banchor v. Gregory, 9 Mo. App. 102; Clark v. Barnes, 58 Mo. App. 667; Hatch v. Hanson, 46 Mo. App. 323; Hazelett v. Woodruff, 150 Mo. 534.

*Stewart, Eliot, Chaplin & Blayney* and *Wm. S. Bedal* for respondent.

(1) On prior appeal the court held that the jurisdiction of the Supreme Court of Ohio must be pleaded, and that is the law of the case on this appeal. Hayward v. Smith, 187 Mo. 464; McGrew v. Railroad, 118 Mo. App. 379. (2) The appellant must plead the jurisdiction of the Supreme Court of Ohio. Swing v. Furniture Co., 123 Mo. App. 367; Angle v. Manchester, 91 N. W. 501; Wilhelm v. Parker, 17 Ohio Ct. Court Rep. 234. (3) It is not sufficient to plead foreign statutes by reference to their chapter and section, but their tenor and effect must be set out. Gibson v. Railroad, 125 S. W. 453; McDonald v. Life Ass'n, 154 Mo. 618; Bank v. Levy, 125 S. W. 542.

NORTONI, J.—The court sustained a third demurrer to an amended petition, gave judgment for defendant, and plaintiff prosecutes an appeal therefrom.

It is averred in the petition that plaintiff is the trustee for the creditors and policy holders of the Union Mutual Fire Insurance Company of Cincinnati,

and that he was appointed to that trust by an order and judgment of the Supreme Court of Ohio under the statutes of that state. Defendant was a policy holder in the insurance company of which plaintiff sues as trustee.

The suit proceeds against defendant for a contingent liability said to be affixed against it under the the statutes of Ohio to the extent of not less than three and not more than five times the amount of the premiums which defendant agreed to pay on the policies of insurance which it held in the insurance company referred to. The petition avers substantially that the Union Mutual Fire Insurance Company of Cincinnati was organized as a mutual insurance company under the laws of Ohio for the purpose of conducting the business of fire insurance with its members; that thereafter a certain proceeding was instituted against it in the name of the State of Ohio ex rel. its Attorney General in the Supreme Court of that state for the purpose of dissolving the corporation and winding up its affairs. In this proceeding the Supreme Court of Ohio rendered a decree dissolving the corporation and appointed plaintiff Swing as a trustee for the creditors and policy holders of the insurance company, to the end of collecting its assets and liquidating its obligations. There are pleaded in the petition certain statutes of the State of Ohio which enjoin a contingent liability against the policy holders and members of such mutual insurance companies, whereby such members and policy holders may be required, in proper circumstances, to pay not less than three times and not more than five times the premiums stipulated for in their policies to the end of liquidating the legitimate obligations contracted by the company. The insurance company mentioned having been dissolved, this suit of the trustee proceeds against the defendant policy holder on such contingent liability, which, it is averred,

was decreed by the Ohio court. The case was in this court on a former appeal, which involved the sufficiency of a former petition challenged by demurrer, and judgment was given to the effect that the then petition was sufficient as against the particular challenge then laid against it. But it was ruled to be insufficient in omitting to aver the jurisdiction of the Supreme Court of the State of Ohio to dissolve the corporation and appoint plaintiff Swing the trustee for its creditors and policy holders. However, to the end of permitting an amendment in this respect, the case was remanded to the circuit court for further proceedings. Enough appeared in the petition, when the case was here on the prior occasion, to disclose that such jurisdiction as the Supreme Court of Ohio exercised in dissolving the corporation and appointing a trustee, was derived from the statutes of that state, and in view of this the court declared, in an opinion by Judge GOODE, that it could not be presumed in this proceeding in another state that the Supreme Court of Ohio had jurisdiction of the subject-matter of the suit which resulted in conferring plaintiff's right to sue. Indeed, the petition was ruled to be insufficient to permit the introduction of evidence of the facts conferring jurisdiction on the Supreme Court of Ohio because the statute laws of that state in respect of this particular matter were not pleaded. See Swing, Trustee, etc., v. Karges Furniture Co., 123 Mo. App. 367, 378, 379, 100 S. W. 662. After the case was remanded on the former appeal, plaintiff filed an amended petition, whereby he sought to cure the defect pointed out, and defendant demurred thereto on the grounds that the allegations are insufficient for the purpose of disclosing the jurisdiction of the Supreme Court of Ohio in the premises. The court sustained this demurrer and the only question for review here appertains to the sufficiency of the allegations of the present amended petition with respect to the jurisdiction of the Supreme Court of Ohio in the pro-

ceeding which resulted in appointing plaintiff trustee for the creditors and policy holders of the defunct insurance company and declared the contingent liability sought to be enforced.

We decline to re-examine the question as to whether or not the statutes of Ohio conferring jurisdiction on the Supreme Court of that state to dissolve the corporation and appoint plaintiff trustee should be pleaded, for such was the ruling on the former appeal and the opinion of the court then expressed is the law of the case. [Hayward, Assignee, v. Smith et al., 187 Mo. 464, 86 S. W. 183.] It is entirely clear from the petition that the Supreme Court of Ohio did not proceed according to the course of the common law in the matter referred to, for the petition avers it proceeded under the constitution and statutes of that state, but fails to set forth the constitutional or statutory provisions or their tenor and effect, which is essential for the court to determine what jurisdiction or power they purport to confer. Plaintiff deduces his right to sue from the proceedings had in the Supreme Court of Ohio, which, it is said, resulted in the dissolution of the corporation and his appointment as trustee. There can be no doubt that, aside from such proceedings, he is wholly without authority in the premises. It is elementary that where a foreign statute or the statute of another state is relied upon as conferring or constituting a cause of action or conferring the right to sue, it must be substantially stated with such distinctness that the court may understand and determine its effect. The general laws of the state of the forum where the suit is instituted are not required to be pleaded in such circumstances for the reason that the courts are judicially advised of their existence and effect, but such is not true with respect to foreign statutes and constitutions of which we are without knowledge until they are pleaded and proved. It is therefore essential, when asserting a right in the courts of this state said to have

accrued or to be derived from the laws of a foreign state, that such laws should be pleaded *in haec verba,* or substantially at least, to the end that the court may see and determine for itself what authority and what rights it purports to confer. [Gibson v. Chicago Great Western R. Co., 225 Mo. 473, 125 S. W. 453; McDonald v. Banker's Life Ass'n, 154 Mo. 618, 55 S. W. 999.]

The averments of the amended petition touching the jurisdiction of the Supreme Court of Ohio which were declared insufficient on demurrer are as follows:

"That under and by virtue of the laws of the State of Ohio pertaining to corporations and particularly under the provisions of title 4, chapter 3, of the Revised Statutes of the State of Ohio, sections 6761, 6768, 6780, 6781, and 6782 thereof and under and by virtue of the provisions of the Constitution of the State of Ohio, and particularly under the provisions of section 2 of article 4 thereof, the said Supreme Court of Ohio, had full jurisdiction in a proceeding in *quo warranto* at the relation of the Attorney-General, to oust and exclude a corporation from the exercise of its corporate rights, privileges and franchise and to enter an order dissolving such corporation and to appoint a trustee for the creditors and policy holders of such corporation, and plaintiff avers that the above mentioned suit was such a proceeding and was authorized under and by virtue of the Constitution, statutes and laws of the State of Ohio; that said court had full and complete jurisdiction of the subject-matter of said suit and full and complete jurisdiction over the parties thereto, and plaintiff avers that said judgment and decree are still in full force and effect and are entitled to full faith and credit under the provisions of section 1, article 4, of the Constitution of the United States."

It is to be noted that instead of pleading the constitutional and statutory provisions in full, or substantially stating the tenor and effect of the same, the

pleader does no more than refer to their title, number and chapter with the general statement that they suffice to confer the jurisdiction relied upon. It is averred that the Supreme Court of Ohio had full jurisdiction of a proceeding in *quo warranto* at the relation of the Attorney General to oust and exclude a corporation from the exercise of its corporate rights, etc., to enter an order dissolving such corporation, appoint a trustee, etc., and that the suit referred to was such a proceeding, but not a word is set forth indicating the particular circumstances under which the Supreme Court may proceed to exercise the jurisdiction referred to. From what is pleaded touching this matter, we are wholly unable to determine whether the Supreme Court of Ohio either did or did not have jurisdiction to dissolve the corporation and vest the plaintiff with the right to enforce such contingent liabilities against policy holders as are stipulated in other provisions of the Ohio Statutes. The averments that the Supreme Court had such jurisdiction is but a conclusion of the pleader without force or effect, for it is our duty to determine the matter from the facts pleaded and there are none set out. The court very properly sustained the demurrer and if this were the only matter for consideration the judgment should be affirmed.

The cause must be remanded, however, for the reason a final judgment was given against the plaintiff as if the merits of the controversy were tried when it should have been the usual judgment on demurrer, together with one for treble costs. The court proceeded under our statute, section 623, Revised Statutes 1899, section 623 An. St. 1906, which provides substantially that if a third petition be adjudged insufficient on demurrer, the party filing such pleading shall pay treble costs and no further petition shall be filed, but judgment shall be rendered. The section of the statute referred to is penal in character and the judgment given thereunder must not exceed its express pro-

visions. [Bennett v. Southern Bank, 61 Mo. App. 297; see also Spurlock v. Mo. Pac. R. Co., 93 Mo. 13, 5 S. W. 15.] The judgment entered in the present instance purports to be final in that it directs that the plaintiff take nothing by his suit and that the defendant go hence without day, recover treble costs and have execution therefor. The principle is well established that where a matter has been once finally adjudicated the parties to the action are for all time precluded from raising that question again. But it is equally as well settled that such final adjudication in order to be a bar must have been on the merits. In other words, a judgment on demurrer is not a bar to a subsequent suit between the same parties touching the same cause of action. [Wells v. Moore, 49 Mo. 229; Freeman on Judgments (4 Ed.), sec. 260; Bennett v. Southern Bank, 61 Mo. App. 297.] The statute above referred to authorizes the court, upon sustaining the third demurrer, to do no more than enter the usual judgment on demurrer, give judgment for the penalty of treble costs and dismiss the petition, thus leaving the plaintiff free to institute a new suit if he chooses to do so. [Gordon v. Burris, 125 Mo. 39, 28 S. W. 191; Bennett v. Southern Bank, 61 Mo. App. 297.]

Because of the error in the judgment, the cause will be remanded with directions to the trial court to enter judgment sustaining the demurrer with treble costs, dismiss the petition and order execution. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.